UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport)

| | |
|---|---|
| THE CADLE COMPANY, Plaintiff | CIVIL ACTION |
| Vs. | MASTER DOCKET NO. 3:00 CV-00316 (WWE) |
| GRACE JONES, Defendant | PLEADING APPLICABLE TO: 3:00 CV-00316 (WWE) 3:00 CV-00317 (WWE) |
| THE CADLE COMPANY, Plaintiff | |
| Vs. | |
| DOROTHY MURREN, Defendant | OCTOBER 10, 2003 |

**MOTION FOR RECONSIDERATION**

The defendants move the court to reconsider its rulings dated March 13, 2003 on the defendants' motion to dismiss and its ruling dated June 24, 2003 on the plaintiff's motion to strike. The reason for this motion for reconsideration is a possible conflicting decision concerning the issue that was the subject of the motions to dismiss and strike. The conflicting decision was issued by Judge Covello by ruling dated July 2, 2003 in the case of Stefancin v. The Nevada Club, No. 3:02 CV 1299 (AVC), a copy of which is attached hereto.

This issue was discussed by the parties and the Court at the close of evidence on October 8, 2003. It was resolved by the parties and the Court that the undersigned would file a motion for reconsideration immediately, but the parties would brief the issues relating to the

motion for reconsideration in their post-trial briefs, and the Court would delay its decision on the motion pending submission of the post-trial briefs from the parties and review by the Court.

The defendants
Grace Jones and Dorothy Murren

By: _____
Paul A. Sobel
Green & Gross, P.C.
1087 Broad Street
Bridgeport, CT., 06604
Tel: (203) 335-5141
Fax: (203) 367-9964
Email: psobel@gglaw.net
Federal Bar No. ct11452

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed to all counsel and pro se parties of record on October 10, 2003, namely:

Paul N. Gilmore, Esq.
Kate F. Kotsaftis, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06213-1277

_____
Paul A. Sobel, attorney

15

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARLENE STEFANCIN,
   Plaintiff,

VS.

THE NEVADA CLUB and
FITZGERALD'S HOTEL & CASINO,
   Defendants.

Civil No. 3:02CV1299 (AVC)



## RULING ON THE DEFENDANTS' MOTION TO DISMISS

The plaintiff, Marlene Stefancin, brings this action to recover monies that her former husband, Ralph Gray Livingston, lost while gambling at the defendants' casinos. While the pro se plaintiff failed to articulate any specific cause of action, the complaint, liberally construed, may be read to sound in common law fraud and unjust enrichment.

The defendants now move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b), arguing both that Stefancin's action is time-barred and that the court lacks personal jurisdiction over the defendants.

The issues presented are: 1) whether any conceivably applicable statute of limitations allows the plaintiff to bring a cause of action based on events that occurred between 1967 and 1977; 2) whether this court can exercise personal jurisdiction over the defendants; and 3) whether the defendants have the capacity to be sued when they did not exist at the time of the conduct at issue and did not assume responsibility for their predecessors' liabilities.

Since the court concludes that this action is time barred, the court does not consider the other issues presented. For the reasons set forth herein, the motion to dismiss is granted.

## FACTS

The complaint alleges that between the years of 1967 and 1977, Stefancin's former

husband, Ralph Gray Livingston, lost approximately ten million dollars in community property while gambling at the defendant, Nevada Club, (and, presumably, Fitzgerald's Hotel & Casino, the named co-defendant) in Reno, Nevada.

The money Livingston lost constituted the profits of Artist's Representatives Inc., a company he co-owned with Stefancin.

Stefancin alleges that she was working hard in the couple's business while her husband compulsively gambled. Stefancin attempted to limit Livingston's gambling at the Nevada Club to no avail.

## STANDARD

When the basis for the motion to dismiss is the applicability of a statute of limitations, the motion is considered under the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules "merely . . . assess[es] the legal feasibility of the complaint, [it does] not . . . assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). A court may dismiss a complaint at this stage only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

## DISCUSSION

The defendants first argue that the complaint should be dismissed as time-barred. Specifically, the defendants argue that since the events at issue took place more than twenty-five years ago, "no conceivable statute of limitations would allow this suit to proceed . . . under any legal theory." The defendants further argue that there is no basis for tolling any applicable statute of limitations.

In response, Stefancin argues that the Nevada statute of limitations operates in her favor, since it states that "the cause of action in . . . a case [of fraud or mistake] shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." Nev. Rev. Stat. § 11.190.3(d) (2001). The court agrees with the defendants.

In <u>Morris Plan Industrial Bank of New York v. Richards</u>, 131 Conn. 671 (1945), the Connecticut supreme court held that, as a general rule, the period of limitation "of the forum [i.e. Connecticut] applies since statutes of limitation relate to the remedy as distinguished from the right." <u>Id.</u> at 673. Only causes of action "arising under statutes of a foreign jurisdiction which not only create the liability and remedy but impose the limitation thereon as well" are subject to the limitation period of the foreign rather than the forum state. <u>Id.</u> at 674. Since the action for fraud at issue in <u>Morris Plan</u> was rooted in common law rather than statute, it did not fall within the exception to the general rule. <u>Id.</u> Stefancin's cause of action, like that decided in <u>Morris Plan</u>, sounds in common law fraud, so it too is governed by Connecticut's period of limitations.

When considering an action for common law fraud, Connecticut courts apply the "three-year Connecticut statute [of limitations] relating to actions founded upon tort." <u>Id.</u> at 675. The

3

relevant statute of limitations is currently codified at Conn. Gen. Stat. §52-577 (1991).[1]

In Prokolkin v. General Motors Corp., 170 Conn. 289 (1976), the Connecticut supreme court explained that the legislature's use of the phrase "act or omission complained of" in §52-577 "distinguished Connecticut's statute of limitations for torts from those of other jurisdictions." Id. at 295. Unlike the limitation periods of many states, such as Nevada, which begin to run upon discovery of the tort, the limitation period in Connecticut "begins to run at the moment the act or omission complained of occurs." S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan & Kings, P.C., 32 Conn. App. 786, 790 (1993), cert. denied, 228 Conn. 903 (1993). When applying §52-577, "the only facts material to the . . . court's decision . . . are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Shuster v. Buckley, 5 Conn. App. 473, 477 (1985).

While the application of §52-577 can be as simple as the Shuster court indicates, a special circumstance arises when the defendants have been absent from the state. See Morris Plan Indus. Bank of N.Y. v. Richards, 131 Conn. 671, 675 (1945). In such cases, the time the defendant is absent "shall be excluded from the computation, except that the time so excluded shall not exceed seven years." Conn. Gen. Stat. §52-590 (1991).[2] Since the defendants in the case at bar have always been out of state, the limitations period, including the seven years allowed for by §52-590,

---

[1] "§52-577. ACTION FOUNDED UPON A TORT. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[2] "§52-590. WHEN DEFENDANT'S ABSENCE FROM STATE TO BE EXCLUDED. In computing the time limited in the period of limitation prescribed under any provision of chapter 925 or this chapter, the time during which the party, against whom there may be any such cause of action, is without this state shall be excluded from the computation, except that the time so excluded shall not exceed seven years."

4

could be no more than ten years.

Stefancin filed her complaint on July 26, 2002. In order to fall within the applicable limitations period, the controlling facts must have occurred, rather than have been discovered, at best, on or after July 26, 1992. As Stefancin herself alleges, the events at issue occurred between 1967 and 1977.

In response to the defendants' argument that there is no basis for the tolling of a statute of limitations, Stefancin further suggests that the statute of limitations "can be suspended if one has been unable to find an attorney to handle the case or has been unable to afford an attorney." The court once again agrees with the defendants.

The Connecticut supreme court has held that legal incompetency to sue and impairment of access to the courts are the only two disabilities that toll the limitations period. Kirwan v. Connecticut, 168 Conn. 498, 502 (1975). There is thus no legal basis to support Stefancin's contention that the statute of limitations can be suspended if one is unable to retain an attorney.

The court concludes that because the events at issue occurred more than twenty-five years ago and because Stefancin makes no allegations of anything besides the defendants' absence from the state that would serve to toll the statute of limitations, Stefancin's legal action is time-barred.

Stefancin's implied cause of action under the equitable doctrine of unjust enrichment is similarly time-barred. When a plaintiff pursues an action for fraud on equitable as well as legal grounds, "equity will withhold its remedy if the legal right is barred by the local statute of limitations." Russell v. Todd, 309 U.S. 280, 289 (1940).

Because the court agrees that Stefancin's complaint is time-barred, it does not have to consider the defendants' other arguments.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (document no. 7) is GRANTED.

It is so ordered, this 2nd day of July, 2003, at Hartford, Connecticut.

Alfred V. Covello<br>
United States District Judge

6