UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARLENE STEFANCIN | : | CIVIL ACTION NO. 3:02CV1299 (AVC) |
| Plaintiff, | | |
| V. | : | |
| | : | NOVEMBER 12, 2002 |
| THE NEVADA CLUB and FITZGERALD'S HOTEL & CASINO | | |
| Defendants | | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

The defendants, The Nevada Club ("Nevada Club") and Fitzgerald's Hotel &

Casino ("Fitzgeralds") (collectively "Defendants")[1] hereby submit this Memorandum of

Law in Support Defendants' Motion to Dismiss. Defendants move to dismiss the

Complaint of Marlene Stefancin ("Plaintiff") on the grounds that her action is barred by

any conceivable statute of limitations, as the alleged conduct serving as the basis for

Plaintiff's claim occurred some 25 to 35 years ago. In the event that the Court deems

Plaintiff's claim not to be time-barred, Defendants move, in the alternative, to dismiss

---

[1] It should be noted that the plaintiff failed to properly name Defendants against whom the present suit was commenced, namely Nevada Club, Inc. and Fitzgeralds Reno, Inc. However, the plaintiff appears to seek redress from the corporate entities responsible for the casinos at issue, The Nevada Club and Fitzgeralds Casino & Hotel. Defendants neither existed during the relevant time period in Plaintiff's Complaint between 1967 and 1977, nor assumed any liabilities resulting from the casinos' operations during that period incurred by their predecessors. See infra Part B.2.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiff's Complaint on the basis that the Court lacks personal jurisdiction over
Defendants.  More specifically, there are no facts that would allow Connecticut's long-
arm statute to extend to Defendants for purposes of conferring jurisdiction to the Court.
Additionally, this Court's exercise of jurisdiction over Defendants would violate the Due
Process clause of the Fourteenth Amendment, as Defendants do not have the requisite
minimum contacts with Connecticut such that they purposefully availed themselves of
the benefits and protections of Connecticut laws and could reasonably anticipate being
haled into court here.  Plaintiff cannot meet her burden of proving that any such
contacts exist, quite simply, because Defendants do not have any such contacts with
the State of Connecticut.

        Finally, the Court lacks personal jurisdiction over Defendants on the additional
ground that Defendants do not have the requisite capacity to be sued by operation of
Rule 17(b) of the Federal Rules of Civil Procedure.  Under Nevada state law, made
applicable through Rule 17(b), Plaintiff cannot maintain the instant action because
Defendants, as a matter of law, may not be held liable for any liabilities incurred before
their acquisition of the casinos at issue.  Defendants did not exist at the time of the
events alleged in Plaintiff's Complaint and Defendants did not assume any obligations
of their predecessor entities.  Accordingly, because Defendants lack capacity to be sued
pursuant to Rule 17(b), they are not subject to the Court's jurisdiction and dismissal of
the present suit is warranted.

-2-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## FACTS

On or about July 26, 2002, Plaintiff, currently a resident of Connecticut, filed a

pro se Complaint seeking to recover funds lost by her former husband, Ralph Gray

Livingston ("Mr. Livingston"), while gambling in Nevada.  Defendants are both

corporations organized pursuant to the laws of the State of Nevada, with their principal

places of business in Nevada, namely the operation of gaming casinos.  See Affidavit of

Michael E. McPherson in Support of Defendants' Motion to Dismiss, dated November 7,

2002, ("McPherson Aff."), ¶ 2.  Plaintiff alleges that throughout the period beginning in

1967 until 1977, Mr. Livingston gambled at Defendant's casinos located in Reno,

Nevada.  See Complaint, dated July 26, 2002,[2] ("Complaint") at Sec. C, attached to

Defendants' Motion to Dismiss, dated November 12, 2002 ("Defendants' Motion") as

Exhibit A.

Throughout 1967 to 1977, gambling was legal under the laws of the State of

Nevada, and continues to be so today.  See NEV. REV. STAT. § 463.010 et seq.  During

this time period, the casinos at which Mr. Livingston gambled were owned and operated

by certain entities having no affiliation with Defendants.  See McPherson Aff. at ¶ 3.

It is alleged that, as a result of his gambling, Mr. Livingston lost a substantial

amount of funds belonging to Artist's Representatives, Inc., Plaintiff's business she co-

[2] Defendants received a Waiver of Service Summons from Plaintiff on September 10, 2002.  Although
procedurally improper, Defendants signed the Waiver on October 8, 2002, and returned to Plaintiff on
October 15, 2002.  Thus, pursuant to Rule 4(d)(3) of the Federal Rules of Civil Procedure, Defendants
are permitted 60 days from the date on which the request for waiver was sent, November 12, 2002, to
respond to Plaintiff's Complaint.

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

owned with her husband at the time.  See Complaint at Sec. C.  Plaintiff now seeks to

recover half of the amount lost from Defendants, 25 to 35 years after the funds were

gambled away by her former husband.


## ARGUMENT

### A.    THE PRESENT LAWSUIT IS TIME-BARRED BY THE STATUTE OF LIMITATIONS.[3]

Plaintiff alleges in 2002 that she is entitled to recover funds gambled and lost

by her former husband over the course of a 10-year period from 1967 to 1977.  See

Complaint at Sec. B - D.  Under the facts asserted, no conceivable statute of

limitations would allow this suit to proceed, under any legal theory,[4] having been

---

[3] Defendants respectfully request that the Court dismiss the instant action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as the Court has sua sponte suggested in its Order granting Plaintiff's Motion to Leave to Proceed in forma pauperis, dated July 25, 2002, attached to Defendants' Motion as Exhibit B. The Second Circuit has held that "[a] district court must dismiss an in forma pauperis complaint if the complaint is 'frivolous or malicious. . . .'" Marin v. Citibank, N.A. Inc., No. 98-7976, 2000 U.S. App. LEXIS 3789, *4 (2d Cir. Mar. 10, 2000) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)) (emphasis added).

Section 1915(e) of Title 28 of the United States Code provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added).  An action is frivolous if it lacks an arguable legal or factual basis. Smith v. New York City Transit Auth., No. 99-7392, 1999 U.S. App. LEXIS 32439, *2 (2d Cir. Dec. 13, 1999). Although courts must use caution in deciding whether to dismiss a case, where a complaint is based upon an indisputably meritless legal theory, such as when it is plain from the face of the complaint that the defendants are immune from suit, dismissal is proper. Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (citing Neitzke v. Williams, 490 U.S. 319, 327(1989)). When a suit is facially time-barred by statute of limitations, as is the case in the present matter, dismissal is especially appropriate. Marin, 2000 U.S. App. LEXIS 3789 at *4-6; Smith, 1999 U.S. App. LEXIS 32439 at *2-3; Pino v. Ryan, 49 F.3d 54.

[4] Although the nature of Plaintiff's claim is unclear, her cause of action may reasonably be characterized as founded in tort.  Under both Connecticut and Nevada law, such actions must be brought within three years from the act complained of.  See C.G.S. § 52-577; NEV. REV. STAT. § 11.190.3(c).

One Goodwin Square                 HALLORAN              Phone (860) 522-6103
225 Asylum Street                  & SAGE LLP            Fax (860) 548-0006
Hartford, CT 06103                                       Juris No. 26105

brought some 25 to 35 years after the conduct which allegedly gives rise to Plaintiff's claim occurred.

The important policy underlying a statute of limitations is that it "establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim." Converse v. General Motors Corp., 893 F.2d 513, 516 (2d Cir. 1990) (quoting Walker v. Armco Steel Corp., 446 U.S. 740, 751-52 (1980)).  To allow Plaintiff to maintain the instant action 25 to 35 years after the occurrence of the facts upon which her claim is based would unquestionably frustrate the very purpose of imposing time limitations on causes of action.

Additionally, there is no basis for tolling any applicable statute of limitations. Plaintiff attempts to overcome the obstacle of a limitations period by stating that a statute of limitations may be suspended if a party is unable to retain or afford an attorney. See Complaint at Sec. D.  This assertion fails to establish any legally recognizable basis to toll a limitations statute under either Connecticut or Nevada law.  Even if Plaintiff's argument were afforded consideration, she has failed to establish or justify the circumstances under which she was unable to retain an attorney for the last 25 to 35 years.

Simply put, Plaintiff cannot, under any arguable color of the law, maintain this action, which was commenced more than a quarter of a century after the alleged

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

events at issue took place.  Accordingly, Defendants respectfully request that the

Court dismiss this action as time-barred.


**B.    ALTERNATIVELY, THE INSTANT ACTION SHOULD BE DISMISSED BECAUSE THE
COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.**

As set forth above, the Court should grant Defendants' Motion to Dismiss

because Plaintiff's claim is barred by any conceivably applicable statute of limitations.

Yet, in the event that the Court should deem that Plaintiff's claim is not time-barred, the

present action must still be dismissed based on the Court's lack of personal jurisdiction

over Defendants.  A motion to dismiss "properly attacks the jurisdiction of the court."

Gurliacci v. Mayer, 218 Conn. 532, 544 (1991).  If a challenge to the court's personal

jurisdiction is raised by a defendant foreign corporation, "the plaintiff must bear the

burden of proving the court's jurisdiction." Knipple v. Viking Communications, Ltd., 236

Conn. 602, 606-607 (1996).  Plaintiff cannot meet her burden of proof in this case.


**1.    The Exercise of Personal Jurisdiction Requires a Two-Part Inquiry.**

A court faces a two-part inquiry when determining whether it may exercise

personal jurisdiction over a defendant.  See Knipple, 236 Conn. at 606.  The Court must

first decide whether the Connecticut long-arm statute authorizes the assertion of

jurisdiction over the defendant.  See id.  If the statutory requirements are met, the Court

must then decide whether the exercise of jurisdiction over the defendant would violate

– 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the Due Process Clause of the Fourteenth Amendment to the Constitution of the United

States.  See id.

### a.    Defendants Are Not Subject to Jurisdiction Under the Connecticut Long-arm Statute.

Plaintiff cannot meet her burden of proving the requisite facts to demonstrate that

Defendants fall within the purview of the Connecticut long-arm statute.  Defendants are

foreign corporations, incorporated under the laws of Nevada, with their principal places

of business in Reno, Nevada.  See McPherson Aff. at ¶ 2.  As such, Section 33-929(f)

of the Connecticut General Statutes properly governs the inquiry of whether

Connecticut's long-arm statute confers this Court with personal jurisdiction.[5]

Plaintiff has failed to allege — indeed, Plaintiff cannot properly allege -- any

jurisdictional facts relevant to any of the four subsections of section 33-929(f) that would

---

[5] Section 33-929(f) of the Connecticut General Statutes provides that:

> [e]very foreign corporation shall be subject to suit in this state, by a resident of this state
> or by a person having a usual place of business in this state, whether or not such
> foreign corporation is transacting or has transacted business in this state and whether
> or not it is engaged exclusively in interstate or foreign commerce, on any cause of
> action arising as follows:  (1) Out of any contract made in this state or to be performed
> in this state; (2) out of any business solicited in this state by mail or otherwise if the
> corporation has repeatedly so solicited business, whether the orders or offers were
> accepted within or without the state; (3) out of the production, manufacture or
> distribution of goods by such corporation with the reasonable expectation that such
> goods are to be used or consumed in this state and are so used or consumed,
> regardless of how or where these goods were produced, manufactured, marketed or
> sold or whether or not through the medium of independent contractors or dealers; or (4)
> out of tortious conduct in this state, whether arising out of repeated activity or single
> acts, and whether arising out of misfeasance or nonfeasance.

C.G.S. § 33-929(f).

-7-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

properly subject Defendants to personal jurisdiction of this Court. Plaintiff's claim does not arise out of any contract with Defendants either entered into or to be performed in Connecticut. See C.G.S. § 33-929(f)(1). Plaintiff's claim does not arise out of any business solicited by Defendants in Connecticut or out of any repeated solicitation within the State. See C.G.S. § 33-929(f)(2). Plaintiff's claim does not arise out of any production, manufacture, or distribution of goods by Defendants. See C.G.S. § 33-929(f)(3). Finally, Plaintiff's claim does not arise out of any tortious conduct by Defendants in Connecticut. See C.G.S. § 33-929(f)(4). Indeed, Defendants have never entered into any contract with Plaintiff in Connecticut, do not solicit any business within the State, and do not manufacture or produce goods, much less any that would be consumed within Connecticut. See McPherson Aff. at ¶¶ 2, 13 & 14. Plaintiff's claim arises out of her former husband's act of gambling money at certain casinos located in Reno, Nevada, not Connecticut. See Complaint at Sec. C. Accordingly, Defendants do not fall within the purview of the Connecticut long-arm statute.

Based on the foregoing, Defendants respectfully request, in alternative relief, that the Court grant its Motion to Dismiss for lack of personal jurisdiction because the Connecticut long-arm statute does not extend to them.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

 

 

 

**b.**  **Exercising Jurisdiction Over Defendants Would Violate the Requirements of Due Process under the Fourteenth Amendment.**

As Defendants are not subject to this Court's jurisdiction under the Connecticut long-arm statute, the Court may end its inquiry and grant Defendants' Motion to Dismiss. Yet, in the event that the Court determines that Defendants are subject to jurisdiction under the Connecticut long-arm statute, Defendants respectfully request that the Court dismiss the present suit for lack of personal jurisdiction because exercising jurisdiction over Defendants would not comport with the requirements of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

The Due Process Clause of the Fourteenth Amendment limits a court's power to render a "valid personal judgment against a nonresident defendant." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). Personal jurisdiction may be exercised over a defendant consistent with the Due Process Clause by asserting either "specific jurisdiction," where the plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum, or "general jurisdiction," where the defendant's contacts with the forum state are continuous and systematic. See Knipple, 236 Conn. at 606 n.6. In either case, due process requires that in order for a court to assert personal jurisdiction over a non-resident defendant, the defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see Knipple, 236 Conn. at 606 n.6.

– 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Court does not have specific jurisdiction over Defendants. Specific

jurisdiction exists only when the particular cause of action arises out of or relates to a

defendant's contacts with the forum state. See Helicopteros Nacionales de Columbia,

S.A. v. Hall, 466 U.S. 408, 411 (1984) (citing Shaffer v. Heitner, 433 U.S. 186, 204

(1977)); Knipple, 236 Conn. at 606 n.6. In the instant matter, all conduct alleged by

Plaintiff giving rise to the instant action -- Mr. Livingston's act of losing money by

allegedly gambling at Defendants' casinos -- occurred in Reno, Nevada. See Complaint

at Sec. C. Clearly, this particular claim has absolutely no relation to any contact by

Defendants with Connecticut. Unquestionably, there are no contacts by Defendants

with Connecticut at issue in Plaintiff's Complaint.

Additionally, the Court does not have general jurisdiction over Defendants. A court may

exert general jurisdiction over a defendant consistent with due process if the defendant

has continuous and systematic contacts with the forum state. See Helicopteros, 466

U.S. at 415-16; Knipple, 236 Conn. at 606 n.6. A defendant's conduct and connection

with the forum state must be such that the defendant should reasonably anticipate being

haled into court there. See World-Wide Volkswagen, 444 U.S. at 297. This purposeful

availment requirement ensures that a defendant will not be haled into a jurisdiction

solely as a result of random, fortuitous, or attenuated contacts. See Burger King, 471

U.S. at 475 (internal quotation marks omitted).

As previously set forth, Defendants do not have any contacts with Connecticut.

See McPherson Aff. at ¶¶ 11 & 12. Defendants are foreign corporations, incorporated

- 10 -

HALLORAN
& SAGE LLP

under the laws of Nevada, with their principal places of business in Nevada.  See

McPherson Aff. at ¶ 2.  They do not maintain places of business in Connecticut, are not

licensed or authorized to conduct business in Connecticut, and do not conduct business

or hold themselves out to the public as conducting business in Connecticut.  See

Lombard Bros., Inc. v. General Asset Mgmt. Co., 190 Conn. 245, 257 (1983);

McPherson Aff. at ¶¶ 11 & 12.  They neither have a designated agent for acceptance of

service of process in Connecticut, nor maintain company agents in Connecticut.  See

Helicopteros, 466 U.S. at 411-12, 418;  McPherson Aff. at ¶ 12.  Defendants do not own

property or pay taxes in Connecticut.  See Helicopteros, 466 U.S. at 411-12, 418;

McPherson Aff. at ¶ 11.  Defendants do not produce, manufacture, sell, or distribute

goods with a reasonable expectation that the goods might be used or consumed in

Connecticut.  See Helicopteros, 466 U.S. at 411-12, 418;  McPherson Aff. at ¶ 2.

Finally, Defendants do not conduct any advertising in Connecticut.  See Metropolitan

Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 573 (2d Cir. 1996);  McPherson Aff.

at ¶ 14.  In short, Defendants have done nothing to purposefully avail themselves of the

benefits and protections of Connecticut as they do not have continuous and systematic

contacts with the State.  As such, it is unreasonable for Defendants to be haled into

court here.  Accordingly, exercising jurisdiction over Defendants on this basis would

violate due process considerations.

Defendants are not subject to personal jurisdiction under either a specific or

general theory of jurisdiction.  Yet, in the event the Court should determine that

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendants have availed themselves to Connecticut, the Complaint should still be

dismissed because exercising personal jurisdiction over Defendants would violate

traditional notions of fair play and substantial justice. See Burger King, 471 U.S. at 476.

Any contacts with the forum state, of which Defendants have none, should be

"considered in light of other factors to determine whether the assertion of personal

jurisdiction would comport with "fair play and substantial justice." Burger King, 471 U.S.

at 476 (citing International Shoe, 326 U.S. at 320). "[M]inimum requirements inherent in

the concept of fair play and substantial justice may defeat the reasonableness of

jurisdiction even if the defendant has purposefully engaged in forum activities." Burger

King, 471 U.S. at 477. As set forth above, Defendants have no contacts with the State.

Even if the Court were to find minimum contacts, defending a suit in a state with which it

has no ties is burdensome. Furthermore, Connecticut has little interest in this litigation

as the conduct giving rise to the action and any possible witnesses who may become

involved will most likely be located in Nevada, not Connecticut. In fact, the only tie

Connecticut has with the instant matter is that Plaintiff currently resides here. It is

unclear whether Plaintiff even resided in Connecticut between 1967 through 1977 at the

time of the conduct at issue occurred. See Complaint at Sec. D. Accordingly, the

exercise of personal jurisdiction over Defendants would violate traditional notions of fair

play and substantial justice.

One Goodwin Square                  HALLORAN                  Phone (860) 522-6103
225 Asylum Street                                            Fax (860) 548-0006
Hartford, CT 06103                  & SAGE LLP               Juris No. 26105

**2.    The Court Lacks Personal Jurisdiction Over Defendants Because They Did Not Exist at the Time of the Conduct at Issue and Are Not Responsible for Their Predecessors' Liabilities.**

Rule 17(b) of the Federal Rules of Civil Procedure provides another basis for dismissal of Plaintiff's action.  Rule 17(b) provides, in pertinent part, that "[t]he capacity of corporation to sue or be sued shall be determined by the law under which it was organized."  Fed. R. Civ. P. 17(b).  Nevada Club and Fitzgeralds, both Nevada corporations, were incorporated under the laws of the State of Nevada.  See McPherson Aff. at ¶ 2.  As such, the laws of Nevada govern whether the present suit may be maintained against Defendants.

The Nevada Supreme Court has upheld the general rule that "when one corporation sells all its assets to another corporation the purchaser is not liable for the debts of the seller."  Lamb v. Leroy Corp., 85 Nev. 276 (1969).  As previously set forth, Plaintiff seeks recovery from Defendants for money lost by her former husband while gambling in Reno, Nevada from 1967 through 1977.  However, during this time, the casinos at which Mr. Livingston allegedly gambled were not owned by, operated by, or affiliated with Defendants.  See McPherson Aff. at ¶ 3.  Defendants acquired the gaming casinos at issue more than 10 years after the outside year of Plaintiff's claimed period through the purchase of their predecessors' assets only.  In these purchase agreements, Defendants did not assume any liabilities of the former entities.  See McPherson Aff. at ¶¶ 3, 5 & 9.  Thus, Plaintiff cannot maintain the instant action because Defendants, in accordance with Nevada law, may not be held liable for any

– 13 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

liabilities incurred before their acquisition of the casinos at issue. <u>See also</u> <u>County of Clark v. Bonanza No. 1</u>, 96 Nev. 643, 648-49 (1980) (holding that if a successor does not assume the predecessor's obligations, there is no right to recover against the successor).

During the time period at issue (25 to 30 years ago), The Nevada Club, was owned by Nevada Club, Inc. – an entity wholly separate and not affiliated with Defendant Nevada Club. <u>See</u> McPherson Aff. at ¶ 4. The casino was subsequently purchased by Lincoln Investments, Inc. <u>See</u> McPherson Aff. at ¶ 5. The assets of that purchase agreement were subsequently assumed by the entity then managing the casino, Nevada Club Management, Inc., on or about December 22, 1988. Only the assets of the purchase agreement were assumed, including the name "Nevada Club," and none of the liabilities of the predecessor entities were undertaken by Nevada Club Management, Inc. <u>See</u> McPherson Aff. at ¶ 5. Meanwhile, the original owner, Nevada Club, Inc., had either dissolved or changed its name. <u>See</u> McPherson Aff. at ¶ 6. On or about March 23, 1989, Nevada Club Management, Inc. changed its name to the present Nevada Club, Inc. (Nevada Club). <u>See</u> McPherson Aff. at ¶ 7. Defendant Nevada Club closed its operations in 1997 and its assets subsequently sold in 1999. <u>See</u> McPherson Aff. at ¶ 7.

Likewise, Defendant Fitzgeralds did not exist during the time period that Mr. Livingston allegedly lost Plaintiff's money while gambling, nor is it subject to its predecessors' liabilities. Between 1967 through 1977, the casino at which Mr.

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Livingston allegedly frequented, Fitzgeralds Casino & Hotel, was owned by several different entities, among them Nevada Club, Inc. (not to be confused with Defendant Nevada Club). See McPherson Aff. at ¶ 8. In or about December 1986, the casino was jointly purchased by Lincoln Management Company, Inc. and Lincoln Investments, Inc. This involved the purchase of assets only, and no liabilities were assumed by these entities. See McPherson Aff. at ¶ 9. These two entities subsequently merged in 1988 to form Lincoln Management Company, Inc., and on or about February 27, 1989, it changed its name to Fitzgeralds Reno, Inc. (Fitzgeralds). See McPherson Aff. at ¶¶ 9 & 10.

Neither Defendant Nevada Club nor Defendant Fitzgeralds existed during the time period in which the alleged conduct giving rise to Plaintiff's claim occurred. See McPherson Aff. at ¶ 3. When Defendants acquired the subject gaming casinos, they did so by purchasing the assets only, and not any potential liabilities or obligations. See McPherson Aff. at ¶¶ 3, 5 & 9. "A motion to dismiss properly attacks the jurisdiction to the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Hersey v. Lonrho, 73 Conn. App. 78, 81 (2002) (quoting Gurliacci v. Mayer, 218 Conn. 532, 544 (1991)) (emphasis in original). Pursuant to Nevada law, made applicable to the instant analysis by operation of Rule 17(b), Defendants may not be held liable for any liabilities of their predecessors. See Fed. R. Civ. P. 17(b); Bonanza No. 1, 96 Nev. at 648-49; Lamb, 85 Nev. 276.

– 15 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Accordingly, the Court lacks personal jurisdiction over Defendants as Plaintiff, as a matter of law, cannot maintain the instant action against Defendants.

## CONCLUSION

Plaintiff's Complaint should be dismissed as time-barred by any conceivable statute of limitations period because Plaintiff bases her sole claim upon factual events occurring 25 to 35 years ago. As there is no basis for tolling the limitations period, Plaintiff is barred from pursuing her cause of action. Alternatively, should the Court decide that the action is not time-barred, dismissal is still proper as the Court lacks personal jurisdiction over Defendants. Defendants do not fall within the purview of Connecticut's long-arm statute and exercising jurisdiction over Defendants would violate the requirements of due process under the Fourteenth Amendment because Defendants lack the minimum contacts with Connecticut required to confer the Court with jurisdiction. Furthermore, the Court also lacks jurisdiction over Defendants on the additional ground that Defendants, which were not even in existence at the relevant time period alleged by Plaintiff, acquired the subject gaming casinos by purchasing the assets only – not any potential liabilities or obligations – and therefore cannot be held liable.

– 16 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Based on the foregoing reasons, Defendants respectfully request the Court grant

its Motion to Dismiss.


Dated:  November 12, 2002              RESPECTFULLY SUBMITTED,
        Hartford, Connecticut

                                       THE DEFENDANTS,
                                       THE NEVADA CLUB and
                                       FITZGERALD'S HOTEL & CASINO


                                       By_____
                                         Mark T. Livesay
                                         Federal Bar No. ct 04992
                                         Paula C. Cedillo
                                         Federal Bar No. ct 23485
                                         HALLORAN & SAGE LLP
                                         One Goodwin Square
                                         225 Asylum Street
                                         Hartford, CT 06103
                                         (860) 522-6103


- 17 -

## CERTIFICATION

This is to certify that on this 12th day of November, 2002, I hereby mailed a copy of the foregoing, postage prepaid, to the pro se party:

Marlene Stefancin
34 Park Street
New Haven, CT 06511

_____
Mark T. Livesay

550555.1(HSFP)

One Goodwin Square          HALLORAN          Phone (860) 522-6103
225 Asylum Street            & SAGE LLP        Fax (860) 548-0006
Hartford, CT 06103                            Juris No. 26105

# FILED

2002 DEC 10 ☐ 1: 23

UNITED STATES DISTRICT COURT  DISTRICT COURT
DISTRICT OF CONNECTICUT    HARTFORD CT

| | | |
|---|---|---|
| MARLENE STEFANCIN | : | CIVIL ACTION NO. 3:02CV1299 (AVC) |
| Plaintiff, | : | |
| V. | : | |
| | : | DECEMBER 10, 2002 |
| THE NEVADA CLUB and FITZGERALD'S HOTEL & CASINO | : | |
| Defendants | | |

## SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The defendants, The Nevada Club and Fitzgerald's Hotel & Casino (collectively "Defendants")[1] respectfully submit this Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss.  By way of Motion dated November 12, 2002, Defendants moved the Court to dismiss the Complaint of Marlene Stefancin ("Plaintiff") on the substantive ground that the Complaint was time-barred, or alternatively, on the basis that the Court lacks personal jurisdiction over Defendants.  Defendants now supplement their Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defendants' Memo") on the additional alternative procedural basis that Plaintiff has failed to oppose Defendants' Memo within the time allowed by our Local Rules.

---

[1] It should be noted that the plaintiff failed to properly name Defendants against whom the present suit was commenced, namely Nevada Club, Inc. and Fitzgeralds Reno, Inc.  Rather, the plaintiff appears to seek redress from the corporate entities responsible for the casinos at issue, The Nevada Club and Fitzgeralds Casino & Hotel.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Rule 9(a) of the Local Rules provides, in pertinent part, that

all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion . . . Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.

D. Conn. L. Civ. R. 9(a). Pursuant to Local Rule 9(a) and Rule 6(a) of the Federal Rules of Civil Procedure, any opposition to Defendants' Motion to Dismiss ("Defendants' Motion") was to have been filed by Plaintiff by December 4, 2002. Plaintiff failed to do so. As such, the Court has sufficient cause to grant Defendants' Motion.

It is plain from the face of the Complaint that Plaintiff's claim is meritless. As the Court suggested sua sponte in its Order granting Plaintiff's Motion for Leave to Proceed in forma pauperis, dated July 25, 2002, the instant action may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Additionally, as noted in the Defendants' Memo, the instant suit is facially time-barred by statute of limitations. See Defendants' Memo, at 4-6. Accordingly, in the event that the Court rules that Plaintiff's Complaint is not time-barred, Defendants respectfully request the Court to exercise its discretion pursuant to Local Rule 9(a) and grant Defendants' Motion on this procedural basis.[2]

---

[2] In the event that the Court decides not to exercise its discretion and dismiss Plaintiff's Complaint based on her failure to file an opposition to Defendants' Motion, Defendants request that the Court grant their Motion on the alternative basis that the Court lacks personal jurisdiction over them.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Based on the foregoing reasons, Defendants respectfully request the Court grant

their Motion to Dismiss.


Dated:  December 10, 2002                 RESPECTFULLY SUBMITTED,
        Hartford, Connecticut
                                          THE DEFENDANTS,
                                          THE NEVADA CLUB and
                                          FITZGERALD'S HOTEL & CASINO



                                          By _____
                                             Mark T. Livesay
                                             Federal Bar No. ct 04992
                                             Paula C. Cedillo
                                             Federal Bar No. ct 23485
                                             HALLORAN & SAGE LLP
                                             One Goodwin Square
                                             225 Asylum Street
                                             Hartford, CT 06103
                                             (860) 522-6103

— 3 —

## CERTIFICATION

This is to certify that on this 10th day of December, 2002, I hereby mailed a copy of the foregoing, postage prepaid, to the pro se party:

Marlene Stefancin
34 Park Street
New Haven, CT 06511

Mark T. Livesay

371803.1(1ISPP)

One Goodwin Square          HALLORAN          Phone (860) 522-6103
225 Asylum Street           & SAGE LLP         Fax (860) 548-0006
Hartford, CT 06103                             Juris No. 26105

December 20,2002
(first submission)
December 28,2002
(second submission)
January 13,2002

To:United States District Court

District Of Connecticut

Civil Action No.3:02CV1299

(AVC)

Marlene Stefancin,Plaintiff

V.

The Nevada Club and

Fitzgerald's Hotel & Casino

Defendent

## PLAINTIFF's MEMORANDUM OF LAW IN OBJECTION TO MOTION TO DISMISS

The Plaintiff,Marlene Stefancin,respectfully submits the
following statement to answer the Supplemental Memorandum of
Law in Support of Defendent's Motion To Dismiss.

The Plaintiff states in answer to the claim that the
claim was time-barred that NRS 11.190 Periods of Limitations
states:except as otherwise provided in NRS 112.230 and
168.170 an action for relief on the ground of fraud or mistake,
but the cause of action in such case shall be deemed to accrue
upon the discovery by the aggrieved party of the facts consitit-
uting the fraud or mistake.

If the Court lacks personal jurisdiction over the defendents,
Plaintiff respectfully requests that the case be transfered to
the appropriate jurisdiction. Plaintiff has not been in receipt
of defendents memo and has been counseled by New Haven attorney
Robert Arnold and would have responded if in receipt of such.

If even though it is decided that Plaintiff's suit is not valid because of this technicality,Plaintiff wishes to resubmit suit. The Plaintiff maintains that suit is not frivolous as it involves over $5,000,000 earned by Plaintiff's own efforts in the community property state of California and over $1,000,000 in investors' funds,creditors defrauded and countless others whose monies were diverted.

Primary Plaintiff,Marlene Stefancin,and other defrauded investors and all those listed in Complaint,et al defrauded victums do respectfully request this suit to recover their monies and this suit to be honored as many people were left bankrupt and homeless.This is not frivolous as stated.

I hereby beseech the Court for justice on the part of innocent victums defrauded and restoration of their hard earned monies and lost properties and prove that this country does have a system of justice rather than merely a manipulation of the legal system and does uphold the democratic system of liberty and justice for all.

Respectfully yours,

Marlene Stefancin,et al

Plaintiff

90 Anthony Street

New Haven,Ct. 06515

**CERTIFICATION** *OF SERVICE*

This is to certify that on this ~~18th~~ day of ~~December, 2002~~ *January 2003*, I hereby mailed a copy
of the foregoing, postage prepaid, to the pro se party:

~~Marlene Stefancin~~
~~34 Park Street~~
~~New Haven, CT 06511~~

*Halloran & SAGE LLP*
*Mark T. Livesay*
*One Goodwin Sq*
*225 Asylum St*
*Hartford, CT*
*06103*

*Mark T. Livesay*

*Notes made by Robert Arnold*
*atty at law*

Source: Legal > / . . . / > CT State Cases, Combined ⓘ
Terms: unjust /s enrichment /s statute /s limitations  (Edit Search)

☞ Select for FOCUS™ or Delivery
☐

2000 Conn. Super. LEXIS 1102, *

Robert J. Vissa, Jr. et al. v. Alan R. Pagano

CV 980168124S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF STAMFORD - NORWALK, AT STAMFORD

2000 Conn. Super. LEXIS 1102

April 28, 2000, Decided
May 1, 2000, Filed

**NOTICE:**   **[\*1]**   THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Defendant's motion for summary judgment denied.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant moved for summary judgment on the third count of shareholder plaintiffs' complaint for **unjust enrichment** based on allegations that the defendant misappropriated the assets and took over the business operations of the corporation, and that the corporation suffered a detriment as a result of the defendant's actions.

**OVERVIEW:** Shareholder plaintiffs' filed a complaint for misappropriation, tortious interference with business expectations, breach of fiduciary duty, and **unjust enrichment** based on allegations that the defendant misappropriated the assets and took over the business operations of the corporation, and that the corporation suffered a detriment as a result of the defendant's actions. Defendant filed a motion for summary judgment on the third count of the complaint for **unjust enrichment** contending that plaintiffs failed to state a claim for **unjust enrichment,** and that any claim for **unjust enrichment** was barred by the applicable **statute of limitations.** Summary judgment was denied because the pleadings provided sufficient notice of the **unjust enrichment** claim, and the court was not required to apply the tort **statute of limitations** to an equitable proceeding for **unjust enrichment.**

**OUTCOME:** Defendant's motion for summary judgment was denied because the pleadings provided sufficient notice of the **unjust enrichment** claim, and the court was not required to apply the tort **statute of limitations** to an equitable proceeding for **unjust enrichment.**

**CORE TERMS:** unjust enrichment, statute of limitations, equitable, quotation, laches, doctrine of unjust enrichment, summary judgment, benefitted, unjust, underlying cause of action, equitable proceeding, equitable remedy, genuine issue, unpersuasive, inexcusable, enrichment, detriment, adhere, unjustly enriched, misappropriated, damaged

**LexisNexis(TM) HEADNOTES - Core Concepts – ♦ Hide Concepts**

Civil Procedure > Summary Judgment > Summary Judgment Standard

*HN1* Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Gen. Practice Book 17-49.

Civil Procedure > Summary Judgment > Burdens of Production & Proof

*HN2* The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts. The party opposing such a motion must provide provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.

Contracts Law > Remedies > Restitution

*HN3* Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract.

Contracts Law > Remedies > Restitution

*HN4* A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard.

Contracts Law > Remedies > Restitution

*HN5* Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy.

Contracts Law > Remedies > Restitution

*HN6* Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendant unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment.

Civil Procedure > Pleading & Practice > Pleadings > Interpretation

*HN7* The interpretation of pleadings is always a question for the court. The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically.

Civil Procedure > Pleading & Practice > Pleadings > Interpretation

*HN8* Although essential allegations may not be supplied by conjecture or remote implication; the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties.

Civil Procedure > Pleading & Practice > Pleadings > Interpretation

*HN9* As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, the court will not conclude that the complaint is insufficient to allow recovery.

📖 Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses
📖 Contracts Law > Remedies > Restitution
📖 Torts > Procedure > Commencement
**HN10** In an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired, just as it has discretion to dismiss for laches an action initiated within the period of the statute. Although courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the interests of justice, a particular action should be heard, they are by no means obligated to adhere to those time limitations.

📖 Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses
📖 Torts > Procedure > Commencement
**HN11** In an equitable proceeding the court need not adhere to the statute of limitations of the underlying cause of action.

**JUDGES:** KARAZIN, J.

**OPINIONBY:** KARAZIN

**OPINION:** Memorandum of Decision Re: Motion for Summary Judgment ( # 120)

The defendant, Alan Pagano, has filed a motion for summary judgment on the third count of the plaintiffs' complaint. In the third count of the complaint, the plaintiffs, Robert J. Vissa and Pagano Seafood, Inc. ("the corporation"), allege that the defendant has misappropriated the assets of the corporation by taking over the operations of the corporation and running the business as a competitor to the corporation. The plaintiffs further allege that the defendant has failed and refused to account to the plaintiff corporation for the income, assets and profits of the corporation, despite demand made upon the defendant. According to the plaintiffs, the plaintiff corporation has been damaged by the defendant's actions, and the defendant has been unjustly enriched.

The defendant argues that he is entitled to summary judgment on two grounds. First, the defendant argues **[*2]** that the plaintiffs have not adequately stated a claim for **unjust enrichment.** Second, the defendant argues that any claim for **unjust enrichment** is barred by the applicable **statute of limitations.** The plaintiffs oppose the motion.
**HN1**

Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 17-49. "**HN2**The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts . . ." _Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998)_. "The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." _Id._

The defendant relies on _Meaney v. Connecticut Hospital A'ssn., 250 Conn. 500, 511, 735 A.2d 813 (1999)_ to argue that the plaintiffs have not stated a claim for unjust enrichment because the plaintiffs have not alleged the existence of a contract under which the defendant was provided services or property. In _Meaney,_ the **[*3]** court stated: "**HN3**Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract." (Internal quotation marks omitted.) _Meaney v. Connecticut Hospital Assn., supra, 250 Conn. 511._ However, the

Search - 46 Results - unjust w/3 enrichment w/3 statute w/3 limitations
Case 3:01-cv-02361-JWW Document 9512   Filed 02/13/2004   Page 29 of 31
Page 4 of 6

court in *Meaney* did not limit the doctrine of unjust enrichment to situations in which the defendant has benefitted under a contract. In fact, the court in *Meaney* stated: "**HN4**A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another . . . *With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable*, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard . . . **HN5** *Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy*." (Citations omitted; emphasis **[*4]** added; internal quotation marks omitted.) *Id. at 511-12.* Accordingly, the defendant's argument that the court in *Meaney* limited the application of the doctrine of unjust enrichment to situations in which the defendant has benefitted under a contract is unpersuasive.

"**HN6**Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendant unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) *Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 550, 661 A.2d 530 (1995).* Here, the third count alleges a derivative action in which the plaintiff Vissa, a shareholder, brings an action on behalf of the plaintiff corporation. The plaintiffs allege that the defendant misappropriated the assets of the corporation and took over the business operations of the corporation. The plaintiffs further allege that the defendant has failed to account to the corporation, and that the corporation has suffered a detriment as a result of the defendant's actions. Accordingly, the court finds that the plaintiffs have **[*5]** sufficiently stated a cause of action for unjust enrichment. n1 See *Fink v. Golenbock, 238 Conn. 183, 210, 680 A.2d 1243 (1996)* ("Given the testimony . . . the jury could reasonably have found that by preventing the plaintiff from participating in the corporation's medical practice, by using the corporation's funds for personal speculative investments, and by taking over the corporation's client base, equipment and assets in order to establish a new corporation . . . [the defendant] had engaged in conduct that made him individually liable for . . . unjust enrichment . . .").

- - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 The court recognizes that the allegations in count three are denied by the defendant in his answer.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

The defendant also argues that the plaintiffs' claims in count three essentially sound in tort, and therefore the court should apply the tort **statute of limitations**. "**HN7**The interpretation of pleadings is always a question for the court . . . The modern trend, which is followed in Connecticut, is to construe pleadings **[*6]** broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation marks omitted.) *Parsons v. United Technologies Corp., 243 Conn. 66, 82-83, 700 A.2d 655 (1997).* "**HN8**Although essential allegations may not be supplied by conjecture or remote implication; . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties . . . **HN9**As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) *Parsons v. United Technologies Corp., supra, 243 Conn. 83.*

Here, the plaintiffs, in count three, allege that the defendant committed several torts, including misappropriation, tortious interference with business expectations and breach of fiduciary duty. However, as previously discussed, the plaintiffs also allege sufficient facts to

state a claim for **unjust enrichment** and state **[*7]** that the plaintiff corporation has been damaged and the defendant unjustly enriched. Accordingly, the court finds that the pleadings provided sufficient notice of the **unjust enrichment** claim.

The defendant also argues that the doctrine of **unjust enrichment** is an equitable doctrine, rather than an equitable remedy, and therefore the court must apply the tort **statute of limitations** to the plaintiffs' claim. In support of his argument, the defendant relies upon <u>Dunham v. Dunham, 204 Conn. 303, 327, 528 A.2d 1123 (1987),</u> in which the court states: "A party may, however, be barred from seeking equitable relief by the defense of laches, which applies only if there has been an unreasonable, inexcusable and prejudicial delay in bringing suit." The defendant's argument is unpersuasive.

In *Dunham*, the plaintiff's first count was an equitable action seeking relief from a probate decree. <u>Dunham v. Dunham, supra, 204 Conn. 326.</u> The defendant in *Dunham* argued that because the plaintiff prevailed on the underlying claim for breach of fiduciary or confidential relationship, the three-year **statute of limitations** applicable to tort actions applied. **[*8]** *Id.* The court stated: "The fallacy in the defendant's argument is his assumption that a court, action under its equitable powers, is bound to apply the **statute of limitations** that governs the underlying cause of action. In fact, HN10 in an equitable proceeding, a court may provide a remedy even though the governing **statute of limitations** has expired, just as it has discretion to dismiss for laches an action initiated within the period of the statute . . . Although courts in equitable proceedings often look by analogy to the **statute of limitations** to determine whether, in the interests of justice, a particular action should be heard, they are by no means obligated to adhere to those time **limitations**." (Citations omitted.) <u>Id. at 326-27.</u> There is no indication in *Dunham* that the court intended to distinguish between an equitable doctrine and an equitable remedy. In fact, the court stated that HN11 in an "equitable proceeding" the court need not adhere to the **statute of limitations** of the underlying cause of action. See *id.* Accordingly, this court will not apply the tort **statute of limitations** to the plaintiffs' **unjust enrichment** claim. n2 Therefore, the court finds **[*9]** that the plaintiffs' claim for **unjust enrichment** is not barred by the tort **statute of limitations.**

- - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n2 The defendant does not argue that the unjust enrichment claim is barred by the doctrine of laches. "Laches consists of an inexcusable delay which prejudices the defendant . . . Laches consists of two elements. First, there must have been a delay that was inexcusable and, second, that delay must have prejudiced the defendant . . . Absent prejudice to the defendant, the mere lapse of time does not constitute laches." (Citations omitted; internal quotation marks omitted.) <u>Federal Deposit Ins. Co. v. Voll, 38 Conn. App. 198, 210, 660 A.2d 358 (1995).</u>

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

For the foregoing reasons, the defendant's motion for summary judgment is denied.

KARAZIN, J.

Source: Legal > / . . . / > CT State Cases, Combined ⓘ
Terms: unjust /s enrichment /s statute /s limitations  (Edit Search)
View: Full
Date/Time: Wednesday, May 28, 2003 - 9:00 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.