debtor/partner.  See, Conn. Gen. Stat. Secs. 34-46, 34-48 (2) and (4), 34-56, 34-62, 34-63, 34-64, 34-65 (copies of all attached) and Madison Hills Ltd. Partnership II v. Madison Hills, Inc., 35 Conn. App. 81, 84-86 , cert. denied, 231 Conn. 913 (1994).

Under the Uniform Partnership Act, "[a]ll property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property."  Conn. Gen. Stat. Sec. 34-46 (1) (1994) (copy attached).  Any estate in real property acquired in the partnership name "can be conveyed only in the partnership name."  Conn. Gen. Stat. Sec. 34-46 (3) (1994) (copy attached).  Indeed, even if the real property had not been in the name of J&M Associates (which it was), any conveyance of the real property of the partnership, howsoever title was otherwise held, would have had the legal effect of passing the equitable interest of the partnership in the real property.  Conn. Gen. Stat. Sec. 34-48 (1994) (copy attached).

"The property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management."  Conn. Gen. Stat. Sec. 34-62 (1994) (copy attached).  "A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership" but "the incidents of that tenancy are such that ... [a] partner's right in specific partnership property is not assignable except in connection with the assignment of rights of all the partners in the same property ... and a

partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." Conn. Gen. Stat. Sec. 34-63 (1994) (copy attached). "A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." Conn. Gen. Stat. Sec. 34-64 (1994) (copy attached). "A conveyance by a partner of his interest in the partnership … merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled." Conn. Gen. Stat. Sec. 34-65 (1994) (copy attached). In 1994, the sole vehicle of a creditor of an individual partner to reach an individual partner's interest in the partnership was by means of a charging lien, a judicial procedure that impressed a lien on an individual partner's partnership interest (which is personal property, not realty) and thus gave the judgment creditor the right to receive the distributions of money that otherwise would have devolved to the judgment debtor/partner (in fact, that is still the sole recourse today). <u>Madison Hills Ltd. Partnership II v. Madison Hills, Inc.</u>, 35 Conn. App. 81, 84-86, cert. denied, 231 Conn. 913 (1994).

For all of those reasons, the J&M Associates to Jomur real property conveyance was not a transfer of an asset of the individual judgment debtors, as the terms "transfer" and "assets" are defined under the Act, because the transfer was not by the debtor, but by the general partnership, and the real property conveyed was partnership property, not property of the individual debtor. See, Conn. Gen. Stat. Sec. 52-552b (2) ("'Asset' means property of a debtor, but the term does

not include: . . . (c) an interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant.").

Even if the J&M Assocites real property were construed under the law to somehow constitute property of the debtor, despite the various provisions of partnership law set forth above, the property also was not an "asset" at the time of the conveyance because, technically speaking, the Mechanics & Farmers mortgage was not released until after the conveyance, although very shortly thereafter; thus, the lien of that mortgage, some $600,000.00, was such that the real property conveyed was still subject to a valid lien in the approximate amount of $600,000.00 at the time of conveyance; albeit a lien that was promptly discharged by payment of the $112,500.00 discounted payoff option offered by the holder of the mortgage note to J&M Associates.  Conn. Gen. Stat. Sec. 52-552b (2) ("'Asset' means property of a debtor, but the term does not include: (A) Property to the extent it is encumbered by a valid lien.").  The fact that there was a deep discounted payoff option that could have been taken advantage of by J&M Associates (and was taken advantage of through this scheme), does not defeat the validity of that $600,000.00 lien at the moment of conveyance (although it certainly makes the retention of the property by Jomur, or the diversion of the proceeds of the resale by the sham holders of the membership interests, unjust and inequitable).  Bear in mind, however, that some six years after the J&M Associates to Jomur transaction, the judgment debtors testified under oath that the

mortgagee had foreclosed on the property and resold it to Jomur, with which transaction they had no participation (certainly incorrect and misleading testimony).

### C. The Mortgage Payments on the Respective Residences and the Ski Chalet.

Thomas Murren at all times had his weekly paycheck deposited into his personal bank account. He made the mortgage payments on the Trumbull residence and on the Vermont Ski Chalet by checks written on that account. He was personally obligated on those mortgage debts and, with each mortgage payment, he received due credit in the form of a reduction of the outstanding balance of his debts to the mortgage lenders.

For many years and until February 26, 1997, William Jones had his paycheck deposited into a joint checking account held in the name of himself and his wife, defendant Grace Jones, at which time in 1997 a new bank account was opened solely into his wife's name. The mortgage payments on the Fairfield Home were made from that joint bank account until the new Grace Jones account was established, and thereafter they were made from the Grace Jones account. Mr. Jones was personally obligated on the mortgage loan and, with each mortgage payment, he received due credit in the form of a reduction of the outstanding balance of his debt to the mortgage lender.

All of Thomas Murren's mortgage payments made from his bank account, and all of the mortgage payments made from Mr. and Mrs. Jones' joint bank account, were transfers (to the

mortgage lenders) for which the judgment-debtor husbands received reasonably equivalent value

in the form of the reduction of their respective personal obligations to such mortgage lenders.

Conn. Gen. Stat. Sec. 52-552d (a partial satisfaction of an antecedent debt, dollar-for-dollar in

the amount of each mortgage payment).  Such receipt of reasonably equivalent value defeats a

claim under the Act for constructive fraud, Conn. Gen. Stat. Sec. 52-552f, and there is no

evidence that the making of the mortgage payments to the mortgage lenders in partial satisfaction

of the mortgage debts were transfers made with the intent to hinder, delay or defraud creditors,

thus, disqualifying those monetary payments of the mortgage by the respective husbands from

the intentional fraud provisions under the Act.  Conn. Gen. Stat. Sec. 52-552e.  The transfers by

Mr. Jones of his paycheck to his wife, and the account sweeping arrangement, are an entirely

different matter, and they do constitute fraudulent transfers under the Act, for the reasons

articulated in prior memoranda.

### III.    Alternative Recourse Regarding Murphy & Murphy transactions and Jomur disbursement of sale proceeds.

As stated hereinabove, the plaintiff perceives the holding of title to the shares of Murphy

& Murphy in the names of the defendants, and the holding of title of the membership interests in

Jomur in the names of the defendants, defeats what otherwise would be claims of "indirect

transfers" of plaintiff's judgment debtors' assets  to their defendant spouses avoidable under the

Act with respect to: (a) the distributions made to the defendants in August of 2000 for the Jomur

closing on the sale of the Van Zant Street Property; and (b) the distributions (and non-compete

payments) made to the defendants in 2001 and thereafter on the Murphy & Murphy closing on

the sale of its assets to J.M. Layton. If this court is of a mind that such holding of title by the

defendants does not defeat a claim under the Act, and that, in fact, a claim exists under the Act

where the "equitable owner" of the shares of a corporation, and the "equitable owner" of the

membership interest in a limited liability company, causes distributions to be made to the holders

of such titled interests, then the plaintiff, as an alternative theory of recovery, has

contemporaneously herewith moved to amend the complaint to conform to the evidence (most of

which is in the form of a stipulation of facts) by adding a fifth and sixth count to each of the two

complaints, asserting claims under the Connecticut Uniform Fraudulent Transfer Act (one of

intentional fraud and one of constructive fraud) that rely on no additional facts, and arising out of

these transactions, all of which occurred within four years from the date hereof (the first fourth

anniversary to occur in August of 2004). Such an amendment would be timely and would serve

the ends of justice, where, as here, the facts pleaded and proved give rise to relief under one or

more theories of recovery and the amendment would not require any further evidence, or rely

upon any fact not in the record, and all matters of defense would be encompassed by all facts and

evidence already in the record. On the facts with respect to the Murphy & Murphy and Jomur

transactions, the plaintiff is entitled to recovery under one of two theories, and when all material facts have been alleged and either agreed upon or proven at trial, plaintiff ought to be permitted to have both legal theories of recovery before the court, so that justice may be served and a wrong righted, under whichever theory prevails upon an adjudication of the facts.

WHEREFORE, for the foregoing reasons, judgment should enter in favor of the Plaintiff and against each of the Defendants, jointly and severally, for the full amount of the outstanding judgment against the judgment debtors, the sum of $240,179.23 as of February 12, 2004, plus interest thereon at $30.39 per diem.

PLAINTIFF, THE CADLE COMPANY

By: _____
PAUL N. GILMORE, ESQ.
Fed. Bar No. ct 03347
UPDIKE, KELLY & SPELLACY, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel.: (860) 548-2600
Fax:  (860) 548-2680
pgilmore@uks.com

## CERTIFICATION OF SERVICE

This is to certify that on the 14th day of June, 2004, the undersigned did cause to be sent, via first class U.S. Mail, postage prepaid, a copy of foregoing to:

Paul Sobel, Esq.
Green and Gross, P.C.
1087 Broad Street
Bridgeport, CT 06604-4231

PAUL N. GILMORE, ESQ.
Updike, Kelly & Spellacy, P.C.

Source: Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > CT - General Statutes of Connecticut 1994 🔲
Terms: title 34  (Edit Search)
Focus: title 34  (Exit FOCUS™)

↰Select for FOCUS™ or Delivery
🔲

Conn. Gen. Stat. § 34-46

GENERAL STATUTES OF CONNECTICUT

*** ARCHIVE MATERIAL ***

*** THIS DOCUMENT IS CURRENT THROUGH THE 1994 SESSION ***

**TITLE 34.** LIMITED PARTNERSHIPS, PARTNERSHIPS, PROFESSIONAL ASSOCIATIONS AND LIMITED LIABILITY COMPANIES
CHAPTER 611. UNIFORM PARTNERSHIP ACT

Conn. Gen. Stat. § 34-46 (1994)

§ 34-46. Property of partnership


(1) All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property.

(2) Unless the contrary intention appears, property acquired with partnership funds is partnership property.

(3) Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name.

(4) A conveyance to a partnership in the partnership name, though without words of inheritance, passes the entire estate of the grantor unless a contrary intent appears.

**HISTORY:** 1961, P.A. 158, S. 8.

CONN. REPORTS: Cited. 196 Conn. 270, 274.

Subdiv. (3):

CONN. REPORTS: Cited. 196 Conn. 270, 273, 281.

USER NOTE: For more generally applicable notes, see notes under the first section of this heading: part, chapter, article or title.

Source: Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > CT - General Statutes of Connecticut 1994 🔲
Terms: title 34  (Edit Search)
Focus: title 34  (Exit FOCUS™)
View: Full
Date/Time: Sunday, June 13, 2004 - 11:17 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > **CT - General Statutes of Connecticut 1994** 🔲
Terms: title 34  (Edit Search)
Focus: **title 34**  (Exit FOCUS™)

↰Select for FOCUS™ or Delivery
🔲

*Conn. Gen. Stat. § 34-48*

GENERAL STATUTES OF CONNECTICUT

*** ARCHIVE MATERIAL ***

*** THIS DOCUMENT IS CURRENT THROUGH THE 1994 SESSION ***

**TITLE 34.**  LIMITED PARTNERSHIPS, PARTNERSHIPS, PROFESSIONAL ASSOCIATIONS AND LIMITED LIABILITY COMPANIES
CHAPTER 611.  UNIFORM PARTNERSHIP ACT

Conn. Gen. Stat. § 34-48 (1994)

§ 34-48. Conveyance of partnership property


(1) Where title to real property is in the partnership name, any partner may convey title to such property by a conveyance executed in the partnership name; but the partnership may recover such property unless the partner's act binds the partnership under the provisions of paragraph (1) of section 34-47, or unless such property has been conveyed by the grantee or a person claiming through such grantee to a holder for value without knowledge that the partner, in making the conveyance, has exceeded his authority.

(2) Where title to real property is in the name of the partnership, a conveyance executed by a partner, in his own name, passes the equitable interest of the partnership, provided the act is one within the authority of the partner under the provisions of paragraph (1) of section 34-47.

(3) Where title to real property is in the name of one or more but not all the partners, and the record does not disclose the right of the partnership, the partners in whose name the title stands may convey title to such property, but the partnership may recover such property if the partners' act does not bind the partnership under the provisions of paragraph (1) of section 34-47, unless the purchaser or his assignee is a holder for value, without knowledge.

(4) Where the title to real property is in the name of one or more or all the partners, or in a third person in trust for the partnership, a conveyance executed by a partner in the partnership name, or in his own name, passes the equitable interest of the partnership, provided the act is one within the authority of the partner under the provisions of paragraph (1) of section 34-47.

(5) Where the title to real property is in the names of all the partners a conveyance executed by all the partners passes all their rights in such property.

**HISTORY:** 1961, P.A. 158, S. 10.

CONN. REPORTS: Cited. 218 Conn. 512, 521.

USER NOTE: For more generally applicable notes, see notes under the first section of this heading: part, chapter, article or title.

Source: Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > **CT - General Statutes of Connecticut 1994** 🔳
Terms: title 34  (Edit Search)
Focus: **title 34**  (Exit FOCUS™)
View: Full
Date/Time: Sunday, June 13, 2004 - 11:16 AM EDT

About LexisNexis | Terms and Conditions


Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > CT - General Statutes of Connecticut 1994 📖
Terms: title 34  (Edit Search)
Focus: title 34  (Exit FOCUS™)

↙Select for FOCUS™ or Delivery
▱

*Conn. Gen. Stat. § 34-56*

GENERAL STATUTES OF CONNECTICUT

\*\*\* ARCHIVE MATERIAL \*\*\*

\*\*\* THIS DOCUMENT IS CURRENT THROUGH THE 1994 SESSION \*\*\*

**TITLE 34.**  LIMITED PARTNERSHIPS, PARTNERSHIPS, PROFESSIONAL ASSOCIATIONS AND LIMITED LIABILITY COMPANIES
CHAPTER 611.  UNIFORM PARTNERSHIP ACT

Conn. Gen. Stat. § 34-56 (1994)

§ 34-56. \*See end of section for amended version and effective date. Rights and duties of partners in relationship to partnership

The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:

(a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.

(b) The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property.

(c) A partner, who in aid of the partnership makes any payment or advance beyond the amount of capital which he agreed to contribute, shall be paid interest from the date of the payment or advance.

(d) A partner shall receive interest on the capital contributed by him only from the date when repayment should be made.

(e) All partners have equal rights in the management and conduct of the partnership business.

(f) No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs.

(g) No person can become a member of a partnership without the consent of all the partners.

(h) Any difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners; but no act in contravention of any agreement between the partners may be done rightfully without the consent of all the partners.

**HISTORY:** 1961, P.A. 158, S. 18. 1961, P.A. 158, S. 18; P.A. 94-218, S. 4, 28.

HISTORY: P.A. 94-218 amended Subdiv. (a) to add exception re Sec. 34-53(2), effective January 1, 1996.

**NOTES:**
*Note:* On and after January 1, 1996, this section is to read as follows:
  "*Sec. 34-56. Rights and duties of partners in relationship to partnership.* The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:
  (a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and, except as provided in subsection (2) of section 34-53, each partner must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.
  (b) The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property.
  (c) A partner, who in aid of the partnership makes any payment or advance beyond the amount of capital which he agreed to contribute, shall be paid interest from the date of the payment or advance.
  (d) A partner shall receive interest on the capital contributed by him only from the date when repayment should be made.
  (e) All partners have equal rights in the management and conduct of the partnership business.
  (f) No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs.
  (g) No person can become a member of a partnership without the consent of all the partners.
  (h) Any difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners; but no act in contravention of any agreement between the partners may be done rightfully without the consent of all the partners."

Subdiv. (g):

CONN. REPORTS: Cited. 185 Conn. 320, 325.

USER NOTE: For more generally applicable notes, see notes under the first section of this heading: part, chapter, article or title.

Source: Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > **CT - General Statutes of Connecticut 1994**
Terms: title 34  (Edit Search)
Focus: **title 34**  (Exit FOCUS™)
View: **Full**
Date/Time: Sunday, June 13, 2004 - 11:16 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source:  Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > CT - General
         Statutes of Connecticut 1994 ▣
Terms:   title 34  (Edit Search)
Focus:   title 34  (Exit FOCUS™)

↵Select for FOCUS™ or Delivery
▣

*Conn. Gen. Stat. § 34-62*

GENERAL STATUTES OF CONNECTICUT

*** ARCHIVE MATERIAL ***

*** THIS DOCUMENT IS CURRENT THROUGH THE 1994 SESSION ***

**TITLE 34.**  LIMITED PARTNERSHIPS, PARTNERSHIPS, PROFESSIONAL ASSOCIATIONS AND
LIMITED LIABILITY COMPANIES
CHAPTER 611.  UNIFORM PARTNERSHIP ACT

Conn. Gen. Stat. § 34-62 (1994)

§ 34-62. Property rights of partner


The property rights of a partner are (1) his rights in specific partnership property, (2) his
interest in the partnership, and (3) his right to participate in the management.

**HISTORY:** 1961, P.A. 158, S. 24.

USER NOTE: For more generally applicable notes, see notes under the first section of this
heading: part, chapter, article or title.

Source:  Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > CT - General
         Statutes of Connecticut 1994 ▣
Terms:   title 34  (Edit Search)
Focus:   title 34  (Exit FOCUS™)
View:    Full
Date/Time: Sunday, June 13, 2004 - 11:15 AM EDT

About LexisNexis | Terms and Conditions


Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source:  Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > CT - General
        Statutes of Connecticut 1994 🔲
Terms:  title 34  (Edit Search)
Focus:  title 34  (Exit FOCUS™)

☞Select for FOCUS™ or Delivery
☐

*Conn. Gen. Stat. § 34-63*

GENERAL STATUTES OF CONNECTICUT

*** ARCHIVE MATERIAL ***

*** THIS DOCUMENT IS CURRENT THROUGH THE 1994 SESSION ***

**TITLE 34.**  LIMITED PARTNERSHIPS, PARTNERSHIPS, PROFESSIONAL ASSOCIATIONS AND
LIMITED LIABILITY COMPANIES
CHAPTER 611.  UNIFORM PARTNERSHIP ACT

Conn. Gen. Stat. § 34-63 (1994)

§ 34-63. Rights in specific partnership property

(1) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.

(2) The incidents of this tenancy are such that:

(a) A partner, subject to the provisions of this chapter and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners.

(b) A partner's right in specific partnership property is not assignable except in connection with the assignment of rights of all the partners in the same property.

(c) A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. When partnership property is attached for a partnership debt the partners, or any of them, or the representatives of a deceased partner, cannot claim any right under the homestead or exemption laws.

(d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose.

(e) A partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin.

**HISTORY:** 1961, P.A. 158, S. 25.

USER NOTE: For more generally applicable notes, see notes under the first section of this heading: part, chapter, article or title.

Source: <u>Legal</u> > <u>States Legal - U.S.</u> > <u>Connecticut</u> > <u>Statutes & Regulations</u> > <u>Legislative Archive</u> > **CT - General Statutes of Connecticut 1994**
Terms: <u>title 34</u>  (<u>Edit Search</u>)
Focus: **title 34**  (<u>Exit FOCUS™</u>)
View: Full
Date/Time: Sunday, June 13, 2004 - 11:04 AM EDT

<u>About LexisNexis</u> | <u>Terms and Conditions</u>

<u>Copyright ©</u>  2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source:  Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > **CT - General Statutes of Connecticut 1994** 🔲
Terms:  title 34  (Edit Search)
Focus:  title 34  (Exit FOCUS™)

☞Select for FOCUS™ or Delivery
🔲

*Conn. Gen. Stat. § 34-64*

GENERAL STATUTES OF CONNECTICUT

*** ARCHIVE MATERIAL ***

*** THIS DOCUMENT IS CURRENT THROUGH THE 1994 SESSION ***

**TITLE 34.**  LIMITED PARTNERSHIPS, PARTNERSHIPS, PROFESSIONAL ASSOCIATIONS AND
LIMITED LIABILITY COMPANIES
CHAPTER 611.  UNIFORM PARTNERSHIP ACT

Conn. Gen. Stat. § 34-64 (1994)

§ 34-64. Partner's interest as personal property

A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property.

**HISTORY:** 1961, P.A. 158, S. 26.

CONN. REPORTS: Cited. 196 Conn. 270, 282.

CONN. APPELLATE REPORTS: A partner may assign his right to the distribution of profits from the partnership without the consent of the other partners. 1 Conn. App. 656, 667. Cited. 21 Conn. App. 32, 34.

USER NOTE: For more generally applicable notes, see notes under the first section of this heading: part, chapter, article or title.

Source:  Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > **CT - General Statutes of Connecticut 1994** 🔲
Terms:  title 34  (Edit Search)
Focus:  **title 34**  (Exit FOCUS™)
View:  Full
Date/Time:  Sunday, June 13, 2004 - 11:06 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > **CT - General Statutes of Connecticut 1994** 🔳
Terms: title 34  (Edit Search)
Focus: **title 34**  (Exit FOCUS™)

↰Select for FOCUS™ or Delivery
🔳

*Conn. Gen. Stat. § 34-65*

GENERAL STATUTES OF CONNECTICUT

\*\*\* ARCHIVE MATERIAL \*\*\*

\*\*\* THIS DOCUMENT IS CURRENT THROUGH THE 1994 SESSION \*\*\*

**TITLE 34.**  LIMITED PARTNERSHIPS, PARTNERSHIPS, PROFESSIONAL ASSOCIATIONS AND
LIMITED LIABILITY COMPANIES
CHAPTER 611.  UNIFORM PARTNERSHIP ACT

Conn. Gen. Stat. § 34-65 (1994)

§ 34-65. Rights of assignee of partner

    (1) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.

(2) In case of a dissolution of the partnership, the assignee is entitled to receive his assignor's interest and may require an account from the date only of the last account agreed to by all the partners.

**HISTORY:** 1961, P.A. 158, S. 27.

CONN. APPELLATE REPORTS: A partner may assign his right to the distribution of profits from the partnership without the consent of the other partners. 1 Conn. App. 656, 667.

USER NOTE: For more generally applicable notes, see notes under the first section of this heading: part, chapter, article or title.

Source: Legal > States Legal - U.S. > Connecticut > Statutes & Regulations > Legislative Archive > **CT - General Statutes of Connecticut 1994** 🔳
Terms: title 34  (Edit Search)
Focus: **title 34**  (Exit FOCUS™)
View: **Full**
Date/Time: Sunday, June 13, 2004 - 11:06 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.