# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT
### (Bridgeport)

| | | |
|---|---|---|
| THE CADLE COMPANY<br>     Plaintiff, | ) <br> ) <br> ) | CIVIL ACTION |
| vs. | ) <br> ) | MASTER DOCKET NO.<br>3:00 CV-00316 (WWE) |
| GRACE JONES | ) <br> ) <br> ) | PLEADING APPLICABLE TO:<br>3:00 CV-00316 (WWE)<br>3:00 CV-00317 (WWE) |
| Defendant. | ) <br> ) | |
| THE CADLE COMPANY<br>     Plaintiff, | ) <br> ) <br> ) <br> ) | |
| vs. | ) <br> ) | |
| DOROTHY MURREN, | ) <br> ) | |
| Defendant | ) <br> ) | JUNE 14, 2004 |

## <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

The Plaintiff, The Cadle Company ("Cadle" or "Plaintiff"), hereby moves the Court,

pursuant to Rule 15 (b) of the Federal Rules Civil Procedure, for leave to amend its Amended

Complaints (one against each defendant and both dated December 19, 2002), adding two new

counts (the Fifth and Sixth Counts) to each such Amended Complaint, in order to conform to the evidence adduced at trial.

As stated in the Supplemental Memorandum of Law filed contemporaneously herewith (familiarity with which is assumed hereby), the plaintiff perceives the holding of title to the shares of Murphy & Murphy in the names of the defendant-spouses, and the holding of title of the membership interests in Jomur in the names of the defendant-spouses, defeats what otherwise would be claims of "indirect transfers" of plaintiff's judgment debtors' assets avoidable under the Connecticut Uniform Fraudulent Transfer Act, Conn. Gen. Stat. Sec. 52-552a, with respect to: (a) the distributions made to the defendants in August of 2000 for the Jomur closing on the sale of the Van Zant Street Property; and (b) the distributions (and non-compete payments) made to the defendants in 2001 and thereafter on the Murphy & Murphy closing on the sale of its assets to J.M. Layton. The court, however, may be of a mind that such holding of title by the defendants does not defeat a claim under the Act, and that, in fact, a claim exists under the Act where the "equitable owner" of the shares of a corporation, and the "equitable owner" of the membership interest in a limited liability company, causes distributions to be made to the holders of such titled interests.

Therefore, as an alternative theory of recovery, the plaintiff hereby moves to amend the complaints to conform to the evidence (most of which is in the form of a stipulation of facts) by

adding a fifth count and a sixth count to each of the two complaints, asserting claims under the

Connecticut Uniform Fraudulent Transfer Act (one count constructive fraud, a second count,

intentional fraud) that rely on no additional facts, and arising out of these transactions (which

currently are embodied in the Fourth Count), all of which occurred within four years from the

date hereof (the first fourth anniversary to occur in August of 2004).

Plaintiff avers that such an amendment would be timely and would serve the ends of

justice, where, as here, the facts pleaded and proved give rise to relief under one or more theories

of recovery and the amendment would not require any further evidence, or rely upon any fact not

in the record, and all matters of defense would be encompassed by all facts and evidence already

in the record. On the facts with respect to the Murphy & Murphy and Jomur transactions, the

plaintiff is entitled to recovery under one of two theories (either the common law constructive

trust claim of the Fourth Count, or under the Act), and when all material facts have been alleged

and either agreed upon or proven at trial, plaintiff ought to be permitted to have both legal

theories of recovery before the court, so that justice may be served and a wrong righted, under

whichever theory prevails upon an adjudication of the facts. If this motion is granted, plaintiff

will promptly file Second Amended Complaints in conformity with this motion.

Plaintiff submits herewith a supporting memorandum of law.

304758

WHEREFORE, Plaintiff respectfully moves the Court for leave to file an amended complaint in this action.

**PLAINTIFF,**
**THE CADLE COMPANY**

By _____
Paul N. Gilmore, Esquire (ct 03347)
UPDIKE, KELLY & SPELLACY, P.C.
P.O. Box 231277
One State Street
Hartford, CT  06123-1277
(860) 548-2600
Its Attorneys

–4–

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT
### (Bridgeport)

| | | |
|---|---|---|
| THE CADLE COMPANY | ) | CIVIL ACTION |
|      Plaintiff, | ) | |
| | ) | |
|     vs. | ) | MASTER DOCKET NO. |
| | ) | 3:00 CV-00316 (WWE) |
| | ) | |
| GRACE JONES | ) | PLEADING APPLICABLE TO: |
| | ) | 3:00 CV-00316 (WWE) |
|     Defendant. | ) | 3:00 CV-00317 (WWE) |
| | ) | |
| | ) | |
| THE CADLE COMPANY | ) | |
|      Plaintiff, | ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| DOROTHY MURREN, | ) | |
| | ) | |
|     Defendant | ) | |
| | ) | JUNE 14, 2004 |

## **CERTIFICATION OF SERVICE**

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been served,

304758

via first-class, United States mail, postage prepaid, this 14th day of June, 2004 to the following:

Paul Sobel, Esq.
Green and Gross, P.C.
1087 Broad Street
Bridgeport, CT 06604-4231

By: _____

PAUL N. GILMORE, ESQ.
Updike, Kelly & Spellacy, P.C.

304758

# UNITED STATES DISTRICT COURT

**DISTRICT OF CONNECTICUT**
**(Bridgeport)**

| | | |
|---|---|---|
| THE CADLE COMPANY | ) | CIVIL ACTION |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | MASTER DOCKET NO. |
| | ) | 3:00 CV-00316 (WWE) |
| | ) | |
| GRACE JONES | ) | PLEADING APPLICABLE TO: |
| | ) | 3:00 CV-00316 (WWE) |
|     Defendant. | ) | 3:00 CV-00317 (WWE) |
| | ) | |
| | ) | |
| THE CADLE COMPANY | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| DOROTHY MURREN, | ) | |
| | ) | |
|     Defendant | ) | |
| | ) | JUNE 14, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The Plaintiff, The Cadle Company ("Cadle" or "Plaintiff"), requests leave of court to file

an amended complaint, one in each action, pursuant to Rule 15 of the Federal Rules Civil

Procedure, in order to conform to the evidence.

## STATEMENT OF THE CASE

On or about December 19, 2002, the plaintiff served its amended complaints in this consolidated action, one against each defendant, asserting claims arising under the common law of constructive trusts (the fourth count of each complaint). The case was tried before the court in October of 2003 and briefed in the late winter of 2004. After the case was presumptively fully briefed, the Court requested that the plaintiff prepare a supplemental memorandum of law explaining why each of the claims that are the subject of the fourth count for the imposition of a constructive trust do not satisfy the essential elements for a cause of action under the Connecticut version of the Uniform Fraudulent Transfer Act, Connecticut General Statutes §§ 52-552a through 52-552l (the "Act" or "CUFTA"). The plaintiff did so and filed that Supplemental Memorandum contemporaneously herewith.

In essence, the plaintiff perceives the holding of title to the shares of Murphy & Murphy in the names of the defendant-spouses, and the holding of title of the membership interests in Jomur in the names of the defendant-spouses, defeats what otherwise would be claims of "indirect transfers" of the assets of plaintiff's judgment debtors' that otherwise would be avoidable under the Connecticut Uniform Fraudulent Transfer Act, Conn. Gen. Stat. Sec. 52-552a, with respect to: (a) the monetary distributions made to the defendants in August of 2000 for the Jomur closing on the sale of the Van Zant Street Property; and (b) the monetary distributions (and non-compete payments) made to the defendants in 2001 and thereafter on the

-2-

Murphy & Murphy closing on the sale of its assets to J.M. Layton.  The court, however, may be of a mind that such holding of title by the defendants does not defeat a claim under the Act, and that, in fact, a claim exists under the Act where the "equitable owner" of the shares of a corporation, and the "equitable owner" of the membership interest in a limited liability company, causes distributions to be made to the holders of such titled interests.

Therefore, as an alternative theory of recovery, the plaintiff moves to amend the complaints to conform to the evidence (most of which is in the form of a stipulation of facts) by adding a fifth count and a sixth count to each of the two complaints, asserting claims under the Connecticut Uniform Fraudulent Transfer Act (one count constructive fraud, a second count, intentional fraud) that rely on no additional facts, and which arise out of these transactions, all of which occurred within four years from the date hereof (the first fourth anniversary to occur in August of 2004).

Plaintiff avers that such an amendment would be timely and would serve the ends of justice, where, as here, the facts pleaded and proved give rise to relief under one or more theories of recovery and the amendment would not require any further evidence, or rely upon any fact not in the record, and all matters of defense would be encompassed by all facts and evidence already in the record.  On the facts with respect to the Murphy & Murphy and Jomur transactions, the plaintiff is entitled to recovery under one of two theories (either under the common law of constructive trusts or under the Act), and when all material facts have been alleged and either

agreed upon or proven at trial, plaintiff ought to be permitted to have both legal theories of

recovery before the court, so that justice may be served and a wrong righted, under whichever

theory prevails upon an adjudication of the facts.

**THE COURT SHOULD GRANT PLAINTIFF MOTION TO AMENDED COMPLAINT TO CONFORM TO THE EVIDENCE BECAUSE IT IS ADVANCING A NEW LEGAL THEORY THAT REQUIRES NO ADDITIONAL ISSUES OF FACT, ALL OF WHICH WERE EITHER STIPULATED OR LITIGATED AT THE TRIAL, THE ADDITIONAL LEGAL THEORY HAVING ARISEN OUT OF THE SAME TRANSACTIONS AND OCCURRENCES OF THE CONSTRUCTIVE TRUST COUNT TRIED TO THE COURT**

The Court should permit amendment of the complaints to conform to the evidence

because plaintiff has met the standard under Federal Rule of Civil Procedure Rule 15(b),

inasmuch the new counts merely advance an additional legal theory of recovery that is fully

encompassed by the facts that were the subject matter of the fourth count for the imposition of a

constructive trust.

Rule 15(b) reads, in pertinent part, as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but the failure so to amend does not affect the result of the trial of these issues....

Fed. R. Civ. Pro. 15. Although the elements of the new claims sought to be added hereby are not

identical to the elements of the constructive trust count,

304758

> "this distinction is irrelevant when considering whether the claims under the [new counts] arose from the same conduct, transaction or occurrence as that pleaded in the [prior] complaint.  Although the legal theory changed in this case, the factual allegations did not.  See 3 Moore's Federal Practice Sec. 15.19[1] ("The rationale of allowing an amendment to relate back is that once a party is notified of litigation involving a specific factual occurrence, the party has received all the notice and protection that the statute of limitations requires.").  The complaint, discovery and entire trial focused on the [same operative facts].  The factual allegations have remained constant... As is well established, courts allow relation back when the new claim is based on the same facts as the [prior] pleading and only changes the legal theory.  Id. at Sec. 15.19[2].

In re: Rasmussen, 299 B.R. 902, 910; 2003 U.S. Dist. LEXIS 21932 (2003) (copy attached).

The trial presented the claims sought to be added hereby by "implied consent," as that phrase has been interpreted by the courts.  "The test of whether the issue has been tried by the express or implicit consent of the parties is 'whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment." Id. at 912, quoting, Matter of Prescott, 805 F.2d 719, 728 (7th Cir. 1986); accord, New York State Elec. & Gas Corp. v. Secretary of Labor, 88 F.3d 98, 104 (2d Cir. 1996) (permitting amendment in administrative proceeding governed by Federal Rule 15).  The Rasmussen court permitted the post-trial amendment, adding a new legal theory, where the facts material to the additional count were litigated in the context of the pre-trial pleading (i.e., the count on which the case was tried).  Id. at 912-913.  "In assessing whether pleadings should

–5–

conform to the proof, the pivotal question is whether prejudice would result." <u>New York State Elec. & Gas Corp. v. Secretary of Labor</u>, 88 F.3d 98, 104 (2d Cir. 1996).

There is no prejudice to the defendants here, save for the possibility of them being able to escape liability on a mere pleadings technicality, which is no prejudice at all under the law. "In essence, appellant argues that she has suffered prejudice simply because of a change in legal theory. Such an argument is misplaced." <u>In re: Rasmussen</u>, 299 B.R. at 912. "In opposing a Rule 15(b) amendment, a party cannot normally show that it suffered prejudice simply because a change in its opponent's legal theory. Instead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case." <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 569 (2d Cir. 2000) (quoting, <u>New York State Elec. & Gas Corp. v. Secretary of Labor</u>, 88 F.3d 98, 104 (2d Cir. 1996); accord, <u>In re: Rasmussen</u>, 299 B.R. at 912-13.

## **CONCLUSION**

For the foregoing reasons, this court should grant the Motion to Amend Complaints to Conform to the Evidence, so that all alternative legal theories relating to the factual allegations

– 6 –

304758

on which the trial of the cause was held, may be considered and adjudicated by the court.

PLAINTIFF,
THE CADLE COMPANY

By _____
Paul N. Gilmore, Esq. (ct 03347)
UPDIKE, KELLY & SPELLACY, P.C.
P.O. Box 231277
One State Street
Hartford, CT  06123-1277
(860) 548-2600

304758

– 7 –

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT
### (Bridgeport)

| | | |
|---|---|---|
| THE CADLE COMPANY | ) | CIVIL ACTION |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | MASTER DOCKET NO. |
| | ) | 3:00 CV-00316 (WWE) |
| | ) | |
| GRACE JONES | ) | PLEADING APPLICABLE TO: |
| | ) | 3:00 CV-00316 (WWE) |
|     Defendant. | ) | 3:00 CV-00317 (WWE) |
| | ) | |
| | ) | |
| THE CADLE COMPANY | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| DOROTHY MURREN, | ) | |
| | ) | |
|     Defendant | ) | |
| | ) | JUNE 14, 2004 |

## CERTIFICATION OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been served,

304758

via first-class, United States mail, postage prepaid, this 14th day of June, 2004 to the following:

Paul Sobel, Esq.
Green and Gross, P.C.
1087 Broad Street
Bridgeport, CT 06604-4231

By: _____
    Paul N. Gilmore, Esq.
    Updike, Kelly & Spellacy, P.C.

304758