UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport)

| | | |
|---|---|---|
| **CADLE COMPANY** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | MASTER DOCKET NO 3:00cv316 (WWE) |
| | ) | |
| **GRACE JONES** | ) | PLEADING APPLCABLE TO: |
| | ) |    NO: 3:00cv316 (WWE) |
| **CADLE COMPANY** | ) |    NO: 3:00cv317 (WWE) |
| | ) | |
| v. | ) | |
| | ) | |
| **DOROTHY MURREN** | ) | JUNE 24, 2004 |

## OBJECTION TO MOTION FOR LEAVE TO AMEND

The defendants object to Cadle's June 14, 2004 motion for leave to amend its complaints. The objection is applicable to both cases, No: 3:00cv316 (WWE) and No: 3:00cv317 (WWE).

Cadle is moving for leave to amend its complaints under FRCP Rule 15(b) for the stated reason that it seeks to conform the complaints to the evidence. In its motion, Cadle merely describes in general terms how it would like to amend the complaints, without reciting the particular language of the proposed amendments.

The defendants object to the motion for leave for the following reasons:

    1.    The motion is vague. Since the wording for the proposed amendments has not been recited, the defendants are unable to adequately respond to the propriety of adding the proposed two new counts to each complaint.

    2.    Depending on what the wording of the new counts is, when they are drawn, they may not constitute amendments made with the "implied consent" of the defendants.

    3.    Depending on the language of the desired amendments, at this late date the amendments may be prejudicial to the defendants.

    4.    The amendments may be futile.

By way of background, one of the issues in the case is whether the statute of limitations applicable to a legal action for fraudulent transfer applies to Cadle's equitable cause of action for a constructive trust. To this point, after the post trial briefs were submitted, the court requested the plaintiff Cadle to explain how the facts giving rise to its claims for constructive trust do not satisfy the essential elements of a claim under the Connecticut Uniform Fraudulent Transfer Act ("CUFTA").[1] In response, Cadle submitted a brief on that issue and also submitted a motion for leave to amend the complaints to add to additional counts to them. The two additional counts, Cadle maintains, would be claims that certain transfers were indirect constructive and/or intentional fraudulent transfers under CUFTA.

Cadle claims that the facts in support of the proposed new counts will be limited to conduct taking place within four years of the date the amendments are made and will relate to distributions received by the defendant spouses in connection with the sale by the limited liability company, Jomur Associates, of the Van Zant Street Property in Norwalk and in connection with the sale of the Murphy & Murphy assets and entry into covenants not to compete in connection with the that sale.

---

[1]    The court's April 13, 2004 order.

The motion for leave to amend does not, however, set forth the wording of the two new proposed counts.

The court's April 2004 order for additional briefing appears to be what precipitated Cadle's motion for leave to amend. The court's order involves the issue of whether the statute of repose/limitations applicable to a fraudulent transfer or fraudulent conveyance cause of action is also applicable to Cadle's equitable causes of action for a constructive trust. Apparently, Cadle has second thoughts over whether the conduct of which it complains regarding the Jomur Associates and Murphy and Murphy interests could have supported a legal claim under CUFTA. Cadle now seeks to inject such CUFTA claims into the case, albeit with a self-imposed limitation that is directed at shifting the focus away from transfers that took place ten years ago, in 1994. The 1994 transfers are the transfer of ownership of the Van Zant Street Property and the Murphy & Murphy stock. These were plead in the existing fourth counts and argued as a basis for the constructive trust claims in Cadle's briefs. The limitation Cadle claims it will impose on itself in the proposed new counts is that it will only plead facts in the proposed new counts relating to the defendant wives' <u>holding</u> an interest in both Jomur Associates and Murphy and Murphy during the current four-year period. The proposed amendments appear to be an attempt to avoid the statute of limitations applicable to when a transfer actually took place - by seeking to plead, in effect, that not only were transfers allegedly improper when they took place ten years ago, but the statute of limitations on a cause of action can never run on such transfers because the act of <u>continuing to hold</u> the transferred property or proceeds from it is actionable. Nonetheless, since the language of the proposed amendments has not been recited, there is no way to tell whether facts occurring before 2000 will be alleged or necessary to support the new counts.

Regarding the dates on which conduct took place, the existing fourth count constructive trust claims regarding Jomur Associates and Murphy & Murphy begin with allegations that when the husbands of the defendants indirectly transferred the Van Zant Street Property to Jomur in 1994 and their stock ownership of Murphy & Murphy in 1994, the transfers were improper. Cadle then maintains, on the existing constructive trust claims, that the husbands of the defendants held equitable but not legal title to the ownership of Jomur Associates and Murphy & Murphy <u>from and after 1994</u>.

Without setting forth the language of the allegations that it would make in the new proposed counts, Cadle states that it would plead, in some fashion, that:

1. Despite the fact that the defendants' husbands caused the transfer of the Van Zant Street Property in 1994, the 2000 distribution from the limited liability company Jomur Associates to its owners Dorothy Murren and Grace Jones[2] of proceeds from the sale of the Van Zant Street Property in 2000 was somehow an indirect transfer to the defendants from their husbands; and

2. Despite the fact that the defendants' husbands transferred their interest in Murphy & Murphy in 1994, the 2001 distribution from Murphy & Murphy to its owners Dorothy Murren and Grace Jones[3] of proceeds from the sale of the Murphy & Murphy assets in 2001, and covenant not to compete payments

---

[2] The evidence showed that Stacey Schlubach was also an owner of Jomur and received a distribution resulting from the sale of the Van Zant Street Property. Cadle has not claimed against Ms. Schlubach.

[3] The evidence showed that Stacey Schlubach was also an owner of Jomur and received a distribution resulting from the sale of the Van Zant Street Property. Cadle has not claimed against Ms. Schlubach.

from and after 2001, were somehow indirect transfers to the defendants from their husbands.

Cadle cites a 2003 district court decision from Wisconsin regarding legal standards for Rule 15(b) amendments, In Re. Rasmussen, 299 B.R. 902 (Western D. Wisconsin 2003). Judge Covello, from this district, also issued thorough and pertinent ruling regarding standards for post-trial Rule 15(b) amendments, In Re. Van Dyck/Columbia Printing, 289 B.R. 204 (D. Conn., 2003).

> A court's decision to amend pleadings under Rule 15(b) to conform to the evidence presented at trial rests in the discretion of the trial court and will not be reversed unless an abuse of discretion is shown. Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 94 (2d Cir. 2000). Under Fed. R. Civ. P. 15(b), which is made applicable to bankruptcy proceedings by Fed. R. Bank. P. 7015, any party may move to amend the pleadings to reflect issues which were tried by express or implied consent of the parties. Id. "Consent may be implied when evidence relevant to an unpleaded issue has been introduced at trial without objection." St. Joe Minerals Corp. v. Occupational Safety and Health Review Commission, 647 F.2d 840, 844 (8th Cir. 1981). "Even given facts suggesting implied consent, amendment of the pleadings should not be permitted where it would operate [to cause prejudice, that is] to deny a party fair opportunity to present evidence material to newly added issues." Id. (citing Mineral Industries & Heavy Constr. Group v. OSHRC, 639 F.2d 1289, 1292-93 (5th Cir. 1981)); see also Douglas v. Owens, 50 F.3d 1226, 1236 (3d Cir. 1995). Factors such as the need to reopen discovery, delay in the proceedings or additional litigation expenses as a result of the amendment support a finding of prejudice. Owens v. Kaiser Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Id., 289 B.R., 316.

When evaluating a motion to amend, the court should also consider whether the amendment would be futile. Bleiler v. Cristwood, 868 F. Supp. 461 (D. Conn. 1994), affirmed, in part, and reversed, in part, 72 F. 3d 13 (2nd Cir. 1995)

Because Cadle's motion for leave to amend only describes in general terms how it desires to amend the complaints, without reciting the particular language of the proposed new counts, the defendants are unable to address any specific allegations and language. The defendants and the court are, therefore, unable to evaluate the amendment in view of the factors by which its allowability is to be measured.

Although Cadle claims that the act of retaining legal title during the four year period prior to the newly proposed amendment and receipt of money arising out of the legal title held by the defendants may constitute an indirect transfer, the legal title for each property was transferred in 1994. Without recitation of the language of the proposed amendments, the defendants are unable to ascertain whether the new counts will, in fact, allege and/or rely on any pre-2000 conduct, whether the true transfers are really the 1994 transfers and not the receipt in 2000 and 2001 of proceeds from property that was transferred in 1994. The defendants are unable to ascertain whether there are defenses to the new counts that the defendants desire to plead and whether there are defenses the defendants could have made to the new counts but did not make because said defenses were not material with regard to the causes of action that were tried. The defendants are also unable to argue whether the proposed amendments may be futile, as there is no language recited for the proposed new counts by which they may be judged.

Cadle's motion for leave to amend is vague, and, in view of the above, it may not constitute an amendment made with the implied consent of the defendants, within the meaning of Rule 15(b), it may be prejudicial to the defendants and it may be a futile amendment.

For the abovementioned reasons, the motion for leave to amend should be denied.

                    The defendants
                    Grace Jones and Dorothy Murren

                    by _/s/ Paul A. Sobel_
                    Paul A. Sobel, their attorney
                    Green & Gross, P.C.
                    1087 Broad Street
                    Bridgeport, CT., 06604
                    Tel: (203) 335-5141
                    Fax: (203) 367-9964
                    Email: psobel@gglaw.net
                    Federal Bar No. ct11452

## CERTIFICATE OF SERVICE

This to certify that a copy of the foregoing was served via U.S. Mail, postage prepaid, on June 24, 2004 to the following counsel of record:

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06213-1277
Tel.: (860) 548-2600
Fax: (860) 548-2680

Paul A. Sobel
Green & Gross, P.C.