# UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT
### (Bridgeport)

| | |
|---|---|
| THE CADLE COMPANY )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>GRACE JONES )<br>)<br>    Defendant. )<br>)<br>)<br>THE CADLE COMPANY )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>DOROTHY MURREN, )<br>)<br>    Defendant )<br>) | CIVIL ACTION<br><br>MASTER DOCKET NO.<br>3:00 CV-00316 (WWE)<br><br>PLEADING APPLICABLE TO:<br>3:00 CV-00316 (WWE)<br>3:00 CV-00317 (WWE)<br><br><br><br><br><br><br><br><br><br>JULY 6, 2004 |

### REPLY TO OBJECTION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The Plaintiff, The Cadle Company ("Cadle" or "Plaintiff"), hereby submits its Reply to the defendants' objection to the Motion for Leave to File Amended Complaint. Plaintiff avers and maintains that a reading of the motion for leave to amend, together with the supplemental

367772

post-trial memorandum, made abundantly clear: (a) that the plaintiff intended to plead two new counts in the alternative to the existing fourth count, (b) what the precise nature of those new counts would be, and (c) the facts on which plaintiff would rely – being the same facts already in the case and pertaining to the fourth count. Nonetheless, the plaintiff attaches hereto the two proposed Second Amended Complaints, one in each action, setting forth in detail the two new counts.

The defendants misconstrue the tenor of plaintiff's supplemental memorandum and of its motion for leave to amend. The gravamen of the new counts is not any continuous holding of legal interest by the defendant-wives in the two companies; rather, it is the present and long-standing equitable ownership of the two companies by the judgment debtors, such that the receipt of payments and distributions (in late 2000 and 2001) by the defendants in connection with the sale of substantially all of the assets of the companies may constitute indirect transfers of the assets of the equitable owners that is actionable under the Uniform Fraudulent Transfer Act. This is so, notwithstanding that the defendant-transferees technically hold legal title to the shares and membership interests, respectively, in the two companies. Plaintiff does not favor this construction of the Uniform Fraudulent Transfer Act (and maintains that the same is, instead, in the realm of constructive trusts), but acknowledges that an equitable owner of a company arguably may make an indirect transfer of an asset in the form of company distributions that is

actionable under the Act. Accordingly, as a "belt and suspenders" measure, the additional counts are sought to be added to the complaint so that the court may adjudicate the facts and duly administer justice between the parties to these consolidated actions.

WHEREFORE, Plaintiff respectfully moves the Court for leave to file an amended complaint in this action.

PLAINTIFF,
THE CADLE COMPANY

By: */s/ Paul N. Gilmore*

Paul N. Gilmore, Esquire (ct 03347)
UPDIKE, KELLY & SPELLACY, P.C.
P.O. Box 231277
One State Street
Hartford, CT 06123-1277
(860) 548-2600
Its Attorneys

– 4 –

# UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT
### (Bridgeport)

| | |
|---|---|
| THE CADLE COMPANY )<br>　　　Plaintiff, )<br>) | CIVIL ACTION |
| vs. ) | MASTER DOCKET NO. |
| ) | 3:00 CV-00316 (WWE) |
| GRACE JONES ) | PLEADING APPLICABLE TO: |
| ) | 3:00 CV-00316 (WWE) |
| 　　　Defendant. ) | 3:00 CV-00317 (WWE) |
| ) | |
| THE CADLE COMPANY )<br>　　　Plaintiff, ) | |
| vs. ) | |
| DOROTHY MURREN, ) | |
| 　　　Defendant ) | JULY 6, 2004 |

## CERTIFICATION OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been served,

-4-

367772

via first-class, United States mail, postage prepaid, this 6th day of July, 2004 to the following:

Paul Sobel, Esq.
Green and Gross, P.C.
1087 Broad Street
Bridgeport, CT 06604-4231

By: _____
PAUL N. GILMORE, ESQ.
Updike, Kelly & Spellacy, P.C.

367772