UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport Division)

| | | |
|---|---|---|
| THE CADLE COMPANY | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:00 CV-00316 (WWE) |
| | ) | |
| GRACE JONES | ) | |
| Defendant. | ) | JULY 6, 2004 |
| | ) | |

## SECOND AMENDED COMPLAINT

The Plaintiff, The Cadle Company, by and through its attorneys, and pursuant to the order of the court granting Plaintiff's Motion for Leave to File Amended Complaint, for its Complaint against the Defendant, Grace Jones, avers as follows:

## I.    PARTIES:

1.    The  Plaintiff,  The  Cadle  Company  ("Cadle"  or "Plaintiff"), is an Ohio corporation with its principal place of business at 100 North Center Street, Newton Falls, Ohio.

2.    William Jones ("William Jones") is an individual residing at 121 Lakewood Drive, Fairfield, Connecticut and is formerly a

367744

defendant in this action, which action is now proceeding against Grace Jones only.

3. The Defendant, Grace Jones ("Grace Jones"), is an individual residing at 121 Lakewood Drive, Fairfield, Connecticut.

## II. JURISDICTION AND VENUE:

4. This Court has jurisdiction over this action by virtue of the diversity of citizenship between the parties pursuant to 28 U.S.C. Section 1332. The amount in controversy exceeds the sum of $75,000.00.

5. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 because the Defendant resides in this district and because the property at issue in this action is situated in this district.

## III. FIRST COUNT: (Liability of Transferee for Fraudulent Transfer Pursuant to Connecticut General Statutes Section 52-552e(a)(1); Avoidance of Transfers)

6. Cadle is the judgment creditor of William Jones by virtue of, and pursuant to the terms and provisions of, an assignment of a

certain final judgment entered in a civil action formerly pending in the Superior Court for the Judicial District of Fairfield at Bridgeport, which civil action became known as <u>Great Country Bank v. Home Design Builders, Inc., et al</u> and bearing civil action number CV-91-0285395-S, which judgment was entered on or about February 3, 1992 in the amount of $109,407.35 (the "Judgment").

7.    To this date, the Judgment remains unsatisfied, and, as of the present time, the Judgment, plus post-judgment interest from and after the entry of the Judgment up to and including the present time, remains due and owing to Cadle from William Jones.

8.    William Jones and Defendant Grace Jones are husband and wife, respectively.

9.    William Jones and Grace Jones are not estranged, one from the other, and they currently live together as husband and wife, and have so lived together from and after the entry of the Judgment through and including the present time.

10.    From and after four years prior to the date of initial complaint commencing this action, at which time Cadle was a judgment creditor, through and including the present time, William

Jones has engaged in, and continues to engage in, a pattern of conduct whereby he transfers, within the meaning of the term "transfer" as defined in Connecticut General Statutes Section 52-552b, to Grace Jones, all or substantially all of his income, as the term "income" is defined under the Internal Revenue Code (all of which transfers are collectively referred to herein as the "Income Transfers"). The allegations set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

11. William Jones has within the past four years made one or more other transfers of assets from himself to Defendant Grace Jones, as the terms "transfer" and "assets" are defined under Connecticut General Statutes Section 52-552b (collectively, the "Other Transfers"). The allegations set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

12. All of the Income Transfers and Other Transfers were made by William Jones with an actual intent to hinder, delay or defraud one or more of his creditors.

13.    All of the Income Transfers and Other Transfers are fraudulent as to the Plaintiff, The Cadle Company, within the meaning of Connecticut General Statutes Section 52-552e(a).

14.    The Plaintiff maintains that pursuant to the Connecticut Uniform Fraudulent Transfer Act, Connecticut General Statutes Sections 52-552a to 552l, inclusive, the Plaintiff's recovery against Defendant Grace Jones under this Count does not depend upon any participation by the transferee, Defendant Grace Jones, in such transfers and/or in the purpose thereof. Therefore, no intent by Defendant Grace Jones to hinder, delay or defraud the creditors of William Jones, nor her participation in such a scheme by William Jones, need be proven by the Plaintiff. Notwithstanding the foregoing, if the law is found to be otherwise, then the Plaintiff avers that Defendant Grace Jones participated in all Income Transfers and Other Transfers, and further participated in William Jones's scheme to defraud his creditors thereby. The allegations set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

15.  By reason of the foregoing, all Income Transfers and Other Transfers are voidable and should be set aside by the Court.

16.  By reason of the foregoing, the Defendant Grace Jones is personally liable to the Plaintiff to the extent of: (a) the aggregate of the dollar amount of all Income Transfers; and (b) the value of all Other Transfers, said valuation being as of the date of each such transfer, subject to such adjustment as the equities of the case may require, all within the meaning of, and as contemplated by, Connecticut General Statutes Section 52-552a through 52-552l, inclusive.

## IV.  SECOND COUNT: (Liability of Transferee for Fraudulent Transfer Pursuant to Connecticut General Statutes Section 52-552e(a)(2); Avoidance of Transfers)

17-23.  Plaintiff hereby repeats, reiterates and realleges Paragraphs 6 through 11 and 13 of the First Count as Paragraphs 17 through 23 of this, the Second Count, as if fully set forth herein.

24.  All of the Income Transfers and Other Transfers were made by William Jones without receiving a reasonably equivalent value in exchange for said transfers, and William Jones (1) was engaged or

was about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction, or (2) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.  The allegations set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

25.  By reason of the foregoing, all Income Transfers and Other Transfers are voidable and should be set aside by the Court.

26.  By reason of the foregoing, Defendant Grace Jones is personally liable to the plaintiff to the extent of: (a) the aggregate of the dollar amount of all Income Transfers; and (b) the value of all Other Transfers, said valuation being as of the date of each such transfer, subject to such adjustment as the equities of the case may require, all within the meaning of, and as contemplated by, Connecticut General Statutes Section 52-552a through 52-5521, inclusive.

**V.    THIRD COUNT:(Liability of Transferee for Fraudulent Transfer Pursuant to Connecticut General Statutes Section 52-552f; Avoidance of Transfers)**

27-32.  Plaintiff hereby repeats, reiterates and realleges Paragraphs 6 through 11 of the First Count as Paragraphs 27 through 32 of this, the Third Count, as if fully set forth herein.

33.  All of the Income Transfers and Other Transfers were made by William Jones to the Defendant Grace Jones without receiving a reasonably equivalent value in exchange for said transfers, and William Jones was insolvent at the time of such transfers or, alternatively, William Jones became insolvent as a result of such transfers. The allegations set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

34.  By reason of the foregoing, all Income Transfers and Other Transfers so made by William Jones to the Defendant Grace Jones are fraudulent as to Cadle.

35.  By reason of the foregoing, all Income Transfers and Other Transfers are voidable and should be set aside by the Court.

36. By reason of the foregoing, Defendant Grace Jones is personally liable to the Plaintiff to the extent of: (a) the aggregate of the dollar amount of all Income Transfers; and (b) the value of all Other Transfers, said valuation being as of the date of each such transfer, subject to such adjustment as the equities of the case may require, all within the meaning of, and as contemplated by, Connecticut General Statutes Section 52-552a through 52-552l, inclusive.

## VI. FOURTH COUNT: (Action Under the Common Law For The Imposition of a Constructive Trust Against Defendant Grace Jones)

37-40. Plaintiff hereby repeats, reiterates and re-alleges Paragraphs 6 through 9 of the First Count as Paragraphs 37 through 40 of this, the Fourth Count, as if fully set forth herein.

41. For many years, perhaps decades, William Jones has been the sole or predominant person from whose financial resources the payment of the expenses associated with the holding by Defendant Grace Jones of legal title to the property commonly known as 121 Lakewood Drive, Fairfield, Connecticut (the "Property") have been made. Said expense payments include, but are not limited to,

payments of the mortgage indebtedness, real property taxes, insurance premiums, maintenance and repairs.

42.  William Jones and Defendant Grace Jones have structured their financial affairs in such a way that William Jones does not hold legal title to real property or any significant personal property, but nonetheless has full use and enjoyment of such assets commensurate with a whole or joint ownership interest in such property.  In particular, William Jones has caused legal title to the Property to be placed solely in the name of Grace Jones but has retained and enjoyed all attributes of ownership of the Properties except for legal title.  This structure was implemented, in large measure, because of William Jones's business risk and serious debt troubles (as evidenced by his quitclaiming of his one-half interest in the Property to Defendant Grace Jones in 1990, when he was facing very serious financial troubles).

43.  At a time when William Jones was experiencing serious financial difficulties, he transferred his stock (or shares) in the company known as Murphy & Murphy, P.C. (a/k/a Murphy & Murphy, Incorporated) (hereinafter, "Murphy & Murphy") to Defendant Grace

Jones.  Said shares represented a 50% ownership interest in said company.

44.  Murphy & Murphy was an insurance agency that was managed and operated exclusively and jointly by Thomas Murren and William Jones.  Following the transfer of his shares in Murphy & Murphy to Defendant Grace Jones, William Jones continued to manage and operate the company just as before the transfer.  Defendant Grace Jones had no participation in the management and operation of said business, other than very modest clerical/secretarial help from time to time.  Defendant Grace Jones received no significant remuneration from the company after the stock transfer but prior to the sale of the company's assets (which sale occurred after William Jones filed his bankruptcy petition).  Instead, following the stock transfer, William Jones continued to receive, as compensation, approximately 50% of the net income of the company (the other 50% going to Thomas Murren) and continued to run and treat the company as his own, just as if the stock transfer never occurred.

45.  By reason of the foregoing, William Jones was the equitable owner of 50% of the company known as Murphy & Murphy from

and after the point in time when he so transferred legal title to his shares in Murphy & Murphy to Defendant Grace Jones.

46.  In 2001, Murphy & Murphy sold substantially all of its assets to an entity known as J.M. Layton & Co., Inc.  Substantial remuneration was paid to Murphy & Murphy and/or Grace Jones for said sale (the "Asset Sale").

47.  In connection with the Asset Sale, the purchaser also entered into a so-called Noncompetition, Nontampering and Confidentiality agreement with Murphy & Murphy, Thomas Murren, Defendant Dorothy Murren, William Jones and Grace Jones.

48.  Defendant Grace Jones has been receiving, and will continue to receive, jointly with William Jones, the sum of $5,000.00 per month for 72 months in exchange for the covenants set forth in said agreement, although Defendant Grace Jones never has engaged in the sale of insurance and is not a licensed or otherwise qualified insurance agent, broker or salesperson.

49.  Defendant Grace Jones received one or more substantial distributions from Murphy & Murphy as a consequence of the Asset Sale and by reason of her holding of legal title to 50% of the

shares thereof, despite William Jones's equitable ownership of such shares. The allegations set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

50. In the 1990s, William Jones, in concert with Thomas Murren, caused Jomur Associates, LLC, a Connecticut liability company, to be formed.

51. William Jones arranged for, or otherwise caused, Defendant Grace Jones to own legal title to a substantial percentage ownership interest in Jomur Associates, LLC (believed to be at or near 50%).

52. Thomas Murren and William Jones caused Jomur Associates, LLC to acquire, and/or procured for Jomur Associates, LLC, that certain real property commonly known as 25 Van Zant Street, Unit D, Norwalk, Connecticut (the "Office Condominium").

53. The Office Condominium housed the business of Murphy & Murphy until its relocation to Shelton, Connecticut.

54. Defendant Grace Jones's interest in Jomur Associates, LLC, and/or her share of the initial purchase money for the

acquisition of the Office Condominium, was provided directly or indirectly by William Jones and/or Murphy & Murphy, and Murphy & Murphy provided the monies with which to pay the installment payments on the purchase money mortgage on the Office Condominium (by means of a "straw lease", the terms of which were set by Thomas Murren and William Jones).

55.    Grace Jones, before the Fall of 2002, may never have heard of Jomur Associates, LLC and may not even have known that she was a member thereof with a substantial economic stake in the profits and proceeds of said company.

56.    In or about August of 2000, the Office Condominium was sold by Jomur Associates, LLC and the closing of the sale generated approximately $221,000.00 in proceeds that were shared on some basis between Defendant Grace Jones and Stacey Schlubach, and Defendant Grace Jones received at least $151,000.00 in distribution proceeds from said sale.

57.    By reason of the foregoing, William Jones was the equitable owner of Grace Jones's interest in Jomur Associates, LLC.

58.  By reason of the foregoing, it offends equity and good conscience for Defendant Grace Jones to enjoy and retain ownership of the Property and the products and proceeds of: (a) the Asset Sale, (b) the foregoing covenant remuneration and (c) the proceeds from the sale of the Office Condominium and/or the distributions of Jomar Associates, LLC made to Defendant Grace Jones in connection therewith, especially where, as here, William Jones had no meaningful assets in his name, filed a bankruptcy petition and was discharged in bankruptcy.

59.  By reason of the foregoing, Defendant Grace Jones has engaged in conduct that has wrongfully harmed the Plaintiff.

60.  By reason of the foregoing, Defendant Grace Jones has been unjustly enriched to the detriment of the Plaintiff.

61.  By reason of the foregoing, Plaintiff may, by this proceeding in equity, hold Defendant Grace Jones personally liable to the Plaintiff for the amounts of her improper financial gains, all as aforesaid described, to the extent of the outstanding balance of Plaintiff's judgment against William Jones.

62.  By reason of the foregoing, a constructive trust should be imposed upon the Properties and other assets of Defendant Grace Jones, and said defendant should be required to hold the same for the benefit of the Plaintiff.

VII.    **FIFTH COUNT: (Action Under the Uniform Fraudulent Transfer Act, Against the Transferee, For Fraudulent Transfer of Monetary Distributions by Equitable Owner of Companies)**

63-66.  Plaintiff hereby repeats, reiterates and re-alleges Paragraphs 6 through 9 of the First Count as Paragraphs 63 through 66 of this, the Fifth Count, as if fully set forth herein.

67.      William Jones and Defendant Grace Jones have structured their financial affairs in such a way that William Jones does not hold legal title to real property or any significant personal property, but nonetheless has full use and enjoyment of such assets commensurate with a whole or joint ownership interest in such property.  This structure was implemented, in large measure, because of William Jones's business risk and serious debt troubles (as evidenced by his quitclaiming of his one-half interest

in their marital residence to Defendant Grace Jones in 1990, when he was facing very serious financial troubles).

68. At a time when William Jones was experiencing serious financial difficulties, he transferred his stock (or shares) in the company known as Murphy & Murphy, P.C. (a/k/a Murphy & Murphy, Incorporated) (hereinafter, "Murphy & Murphy") to Defendant Grace Jones. Said shares represented a 50% ownership interest in said company.

69. Murphy & Murphy was an insurance agency that was managed and operated exclusively and jointly by Thomas Murren and William Jones. Following the transfer of his shares in Murphy & Murphy to Defendant Grace Jones, William Jones continued to manage and operate the company just as before the transfer. Defendant Grace Jones had no participation in the management and operation of said business, other than very modest clerical/secretarial help from time to time. Defendant Grace Jones received no significant remuneration from the company after the stock transfer but prior to the sale of the company's assets (which sale occurred after William Jones filed his bankruptcy petition). Instead, following the stock

transfer, William Jones continued to receive, as compensation, approximately 50% of the net income of the company (the other 50% going to Thomas Murren) and continued to run and treat the company as his own, just as if the stock transfer never occurred.

70.   By reason of the foregoing, William Jones was the equitable owner of 50% of the company known as Murphy & Murphy from and after the point in time when he so transferred legal title to his shares in Murphy & Murphy to Defendant Grace Jones.

71.   In 2001, Murphy & Murphy sold substantially all of its assets to an entity known as J.M. Layton & Co., Inc.   Substantial remuneration was paid to Murphy & Murphy and/or Grace Jones for said sale (the "Asset Sale").

72.   In connection with the Asset Sale, the purchaser also entered into a so-called Noncompetition, Nontampering and Confidentiality agreement with Murphy & Murphy, Thomas Murren, Defendant Dorothy Murren, William Jones and Grace Jones.

73.   Defendant Grace Jones has been receiving, and will continue to receive, jointly with William Jones, the sum of $5,000.00 per month for 72 months in exchange for the covenants set

forth in said agreement, although Defendant Grace Jones never has engaged in the sale of insurance and is not a licensed or otherwise qualified insurance agent, broker or salesperson (and, as such, any non-competition payment made to Defendant Grace Jones is a *de facto* part of the purchase price for the Asset Sale).

74.   Defendant Grace Jones received one or more substantial distributions from Murphy & Murphy as a consequence of the Asset Sale and by reason of her holding of legal title to 50% of the shares thereof, despite William Jones's equitable ownership of such shares.

75.   Said non-competition payments and Asset Sale distributions received by defendant Grace Jones were, in effect, transfers of assets (as the terms "transfer" and "assets" are defined under Connecticut General Statutes Section 52-552b) of plaintiff's judgment debtor, who is the equitable owner of the company and, hence, the one entitled to have received such payments and distributions.

76.  In the 1990s, William Jones, in concert with Thomas Murren, caused Jomur Associates, LLC, a Connecticut liability company, to be formed.

77.  William Jones arranged for, or otherwise caused, Defendant Grace Jones to own legal title to a substantial percentage ownership interest in Jomur Associates, LLC (believed to be at or near 50%).

78. Thomas Murren and William Jones caused Jomur Associates, LLC to acquire, and/or procured for Jomur Associates, LLC, that certain real property commonly known as 25 Van Zant Street, Unit D, Norwalk, Connecticut (the "Office Condominium").

79.  The Office Condominium housed the business of Murphy & Murphy until its relocation to Shelton, Connecticut.

80.  Defendant Grace Jones's interest in Jomur Associates, LLC, and/or her share of the initial purchase money for the acquisition of the Office Condominium, was provided directly or indirectly by William Jones and/or Murphy & Murphy, and Murphy & Murphy provided the monies with which to pay the installment payments on the purchase money mortgage on the Office Condominium

(by means of a "straw lease", the terms of which were set by Thomas Murren and William Jones).

81.  Grace Jones, before the Fall of 2002, may never have heard of Jomur Associates, LLC and may not even have known that she was a member thereof with a substantial economic stake in the profits and proceeds of said company.

82.  In or about August of 2000, the Office Condominium was sold by Jomur Associates, LLC and the closing of the sale generated approximately $221,000.00 in proceeds that were shared on some basis between Defendant Grace Jones and Stacey Schlubach, and Defendant Grace Jones received at least $151,000.00 in distribution proceeds from said sale.

83.  By reason of the foregoing, William Jones was the equitable owner of Grace Jones's interest in Jomur Associates, LLC.

84.  Said distribution of the closing proceeds received by defendant Grace Jones was, in effect, a transfer of an asset (as the terms "transfer" and "assets" are defined under Connecticut General Statutes Section 52-552b) of plaintiff's judgment debtor,

who is the equitable owner of the company and, hence, the one entitled to have received such distribution.

85.   All such transfers of assets were made by William Jones with an actual intent to hinder, delay or defraud one or more of his creditors.

86.   All such transfers of assets are fraudulent as to the Plaintiff, The Cadle Company, within the meaning of Connecticut General Statutes Section 52-552e(a).

87.   The Plaintiff maintains that pursuant to the Connecticut Uniform Fraudulent Transfer Act, Connecticut General Statutes Sections 52-552a to 552l, inclusive, the Plaintiff's recovery against Defendant Grace Jones under this Count does not depend upon any participation by the transferee, Defendant Grace Jones, in such transfers and/or in the purpose thereof. Therefore, no intent by Defendant Grace Jones to hinder, delay or defraud the creditors of William Jones, nor her participation in such a scheme by William Jones, need be proven by the Plaintiff.  Notwithstanding the foregoing, if the law is found to be otherwise, then the Plaintiff avers that Defendant Grace Jones participated in all such asset

transfers, and further participated in William Jones's scheme to defraud his creditors thereby.

88.  By reason of the foregoing, all such asset transfers are voidable and should be set aside by the Court.

89.  By reason of the foregoing, the Defendant Grace Jones is personally liable to the Plaintiff to the extent of: (a) the aggregate of the dollar amount of all such asset transfers, subject to such adjustment as the equities of the case may require, all within the meaning of, and as contemplated by, Connecticut General Statutes Section 52-552a through 52-552l, inclusive.

**VII. SIXTH COUNT: (Liability of Transferee for Fraudulent Transfer Pursuant to Connecticut General Statutes Section 52-552f; Avoidance of Transfers)**

90-111. Plaintiff hereby repeats, reiterates and re-alleges Paragraphs 63 through 84 of the Fifth Count as Paragraphs 90 through 111 of this, the Sixth Count, as if fully set forth herein.

112. All of said asset transfers were made by William Jones to the Defendant Grace Jones without receiving a reasonably equivalent value in exchange for said transfers, and William Jones was

insolvent at the time of such transfers or, alternatively, William Jones became insolvent as a result of such transfers.

113. By reason of the foregoing, all such asset transfers so made by William Jones to the Defendant Grace Jones are fraudulent as to Cadle.

114. By reason of the foregoing, all such asset transfers are voidable and should be set aside by the Court.

115. By reason of the foregoing, Defendant Grace Jones is personally liable to the Plaintiff to the extent of: (a) the aggregate of the dollar amount of all such asset transfers, subject to such adjustment as the equities of the case may require, all within the meaning of, and as contemplated by, Connecticut General Statutes Section 52-552a through 52-552l, inclusive.

WHEREFORE, the Plaintiff, The Cadle Company, claims:

1.   Money damages against the Defendant, Grace Jones;

2.   Interest and attorneys' fees;

3.   The avoidance and setting aside of each and every one of the Income Transfers and Other Transfers (as said terms are defined in the Complaint), and of all other asset transfers, to the extent that such avoidance is necessary to satisfy the Plaintiff's claim in full;

4.   An attachment or other provisional remedy against the assets transferred or other property of Defendant Grace Jones, in accordance with the procedure prescribed by Chapter 903a of the Connecticut General Statutes;

5.   An injunction against further disposition by Defendant Grace Jones of the Income Transfers and Other Transfers, and of all other asset transfers, as said terms are defined or described in the Complaint;

6.   The appointment of a receiver to take charge of the assets so transferred, or of other property of Defendant Grace Jones;

7.  A levy and execution on the Income Transfers and Other Transfers, and/or of all other asset transfers, and/or on the proceeds and products thereof;

8.  A finding, judgment and decree that Defendant Grace Jones holds the Properties and the products and proceeds of the improper financial gains described in the complaint in constructive trust for the benefit of the Plaintiff;

9.  An order that a judgment lien or other execution process, may be placed upon the assets of Defendant Grace Jones and in favor of the Plaintiff;

10. Money damages against Defendant Grace Jones and in favor of the Plaintiff by reason of the inequitable conduct and improper financial gains, as set forth in the complaint; and

11. Such other and further relief as at law or in equity may pertain.

367744

Dated at Hartford, Connecticut this 6th day of July, 2004.

**PLAINTIFF,**
**THE CADLE COMPANY**

By:
PAUL N. GILMORE, ESQ.
Federal Bar Number ct03347
UPDIKE, KELLY & SPELLACY, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
(860) 548-2600
Its Attorney

## NOTICE

NOTICE IS HEREBY GIVEN TO THE DEFENDANT THAT THE PLAINTIFF INTENDS TO SEEK SATISFACTION OF ANY JUDGMENT RENDERED IN ITS FAVOR IN THIS ACTION AND AGAINST HER FROM ANY DEBT ACCRUING IN HER FAVOR BY REASON OF HER PERSONAL SERVICES.

Dated at Hartford, Connecticut this 6th day of July, 2004.

PLAINTIFF,
THE CADLE COMPANY

By: _____
PAUL N. GILMORE, ESQ.
Federal Bar Number ct03347
UPDIKE, KELLY & SPELLACY, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
(860) 548-2600
Its Attorney

367744

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport Division)

| | |
|---|---|
| THE CADLE COMPANY<br>        Plaintiff, | )  CIVIL ACTION NO.<br>)<br>) |
| vs. | )  3:00 CV-00316 (WWE)<br>) |
| GRACE JONES<br>        Defendant. | )<br>)  JULY 6, 2004<br>) |

## CERTIFICATION OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been served, via first-class, United States mail, postage prepaid, this 6TH day of July, 2004 to the following:

    Paul A. Sobel, Esq.
    Bernard Green, Esq.
    Green and Gross, P.C.
    1087 Broad Street
    Bridgeport, CT 06604-4231

By: _____
    PAUL N. GILMORE, ESQ.
    Updike, Kelly & Spellacy, P.C.

367744