UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport)

| | | |
|---|---|---|
| CADLE COMPANY | ) | CIVIL ACTION |
| | ) | |
| v. | ) | MASTER DOCKET NO 3:00cv316 (WWE) |
| | ) | |
| GRACE JONES | ) | PLEADING APPLCABLE TO: |
| | ) | NO: 3:00cv316 (WWE) |
| CADLE COMPANY | ) | NO: 3:00cv317 (WWE) |
| | ) | |
| v. | ) | |
| | ) | |
| DOROTHY MURREN | ) | JULY 19, 2004 |

### SUPPLEMENTAL OBJECTION
### TO
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND

The defendants previously objected to the plaintiff Cadle's Motion for Leave to Amend the complaints. One of the reasons for the objection was that the proposed language for the amendments was not included as a part of the Motion for Leave to Amend. Cadle subsequently filed proposed Second Amended Complaints. Now that the language of the proposed amended complaints has been recited, the defendants are able to address their objections to said language. This objection is applicable to both cases.

Cadle's Motion for Leave to Amend was made pursuant to FRCP Rule 15(b). The standards governing Rule 15(b) motions are set forth in the defendants' June 24 Objection. They are repeated below.

> A court's decision to amend pleadings under Rule 15(b) to conform to the evidence presented at trial rests in the discretion of the trial court and will not be reversed unless an abuse of discretion is shown. Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 94 (2d Cir. 2000). Under Fed. R. Civ. P. 15(b), which is made applicable to bankruptcy proceedings by Fed. R. Bank. P. 7015, any party may move to amend the pleadings to reflect issues which were tried by express or implied consent of the parties. Id. "Consent may be implied when evidence relevant to an unpleaded issue has been introduced at trial without objection." St. Joe Minerals Corp. v. Occupational Safety and Health Review Commission, 647 F.2d 840, 844 (8th Cir. 1981). "Even given facts suggesting implied consent, amendment of the pleadings should not be permitted where it would operate [to cause prejudice, that is] to deny a party fair opportunity to present evidence material to newly added issues." Id. (citing Mineral Industries & Heavy Constr. Group v. OSHRC, 639 F.2d 1289, 1292-93 (5th Cir. 1981)); see also Douglas v. Owens, 50 F.3d 1226, 1236 (3d Cir. 1995). Factors such as the need to reopen discovery, delay in the proceedings or additional litigation expenses as a result of the amendment support a finding of prejudice. Owens v. Kaiser Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

In Re. Van Dyck/Columbia Printing, 289 B.R. 204, 289 (D. Conn., 2003). When evaluating a motion to amend, the court should also consider whether the amendment would be futile. Bleiler v. Cristwood, 868 F. Supp. 461 (D. Conn. 1994), affirmed, in part, and reversed, in part, 72 F.3d 13 (2nd Cir. 1995)

The proposed amendments are inconsistent with the representations in the Motion for Leave to Amend, they would be futile, they involve issues that have not been briefed, and granting the motion would be prejudicial to the defendants.

The first ground for objection to the July 6 proposed amended complaints is that although Cadle asserts its proposed new fifth and sixth counts arise out of the transactions embodied in the fourth counts, "all of which occurred within four years from the date hereof [the date of the

Motion for Leave to Amend]"[1], the fifth and sixth counts rely on the circumstances of the 1994 transfers of Murphy & Murphy stock (Fifth Count, ¶ 68 of the Jones complaint, in the case of the Jones transfer) and the 1994 formation of Jomur Associates and the transfer to it of the Van Zant Street Property (Fifth Count, ¶¶ 75-80 of the Jones Complaint).[2] Cadle's contention that the fifth and sixth counts would rely on circumstances occurring only within four years prior to June 2004 is simply not true.

The proposed amended complaints are also objected to because they are futile. As above, the proposed fifth and sixth counts are not limited to transactions occurring only within four years prior to June 2004, but they rely on the allegations that the husbands remained the equitable owners of property interests that were transferred in 1994 - the ownership of the Murphy & Murphy stock and the ownership of the Van Zant Street Property. The defendants' July 19, 2004 Reply Brief explains that transaction regarding Jomur and the Van Zant Street Property in 2000 and Murphy & Murphy in 2001 involved only the sale of assets owned by these entities and the distribution of proceeds of the sales to the owners of the entities. Any interest the husbands had in said entities, or, in the case of Jomur, the asset held by it (the Van Zant Street Property), was transferred by the husbands in 1994. The 1994 transactions are really the crux of Cadle's complaint. For the reasons set forth in the defendants' post-trial briefs, a

---

[1] Cadle's 6/14/04 Motion for Leave to Amend, p. 3.

[2] The proposed sixth count incorporates the same paragraphs of the fifth count. The paragraph citations to the Second Amended Complaint against Dorothy Murren would be identical to same numbered paragraphs in the proposed fifth and sixth counts against Grace Jones.

fraudulent transfer action under CUFTA commenced now, for transfers that took place in 1994, cannot be brought because the cause of action was extinguished by CUFTA's four year statute of repose, Conn. Gen. Stats. § 52-552j.

To the extent that the fifth and sixth counts rely on alleged transfers or transactions that occurred in August 2000, in the case of Jomur and the Van Zant Street Property, and in 2001, in the case of Murphy & Murphy, they are also futile because the defendants filed bankruptcy petitions on July 14, 2000 and were granted discharges on October 31, 2000. The discharges included discharge of personal liability on the Cadle debt.[3] Accordingly, the husbands were not indebted to Cadle at the time of the alleged 2000 and 2001 transfers. Since the husbands were not indebted at the time, and there was no evidence of any insolvency of the husbands after their bankruptcy filings, either, there can be no basis for anything allegedly transferred by them in August 2000 or in 2001 to have been a fraudulent transfer.[4]

Allowing the amendments at this stage of the proceedings is also prejudicial to the defendants. The fifth and sixth counts would raise new issues of whether the 2000 and 2001 transactions regarding Murphy and Murphy and Jomur Associates constitute indirect "transfers" made by the husbands under CUFTA. These issues were not litigated or briefed, and neither was the effect of the husbands' bankruptcies and discharges. Prejudice would also result from further

---

[3] October 2, 2003 Joint Trial Management Report, Stipulation, ¶¶ 13, 14.

[4] The defendants dispute that there was any "transfer" by their husbands in 2000 or 2001, in any event.

delay and litigation expense as a result of the amendments, if the Motion for Leave to Amend is granted.

For the foregoing reasons, the Motion for Leave to Amend should be denied.

>The defendants
>Grace Jones and Dorothy Murren
>
>by /s/ Paul A. Sobel
>Paul A. Sobel, their attorney
>Green & Gross, P.C.
>1087 Broad Street
>Bridgeport, CT., 06604
>Tel: (203) 335-5141
>Fax: (203) 367-9964
>Email: psobel@gglaw.net
>Federal Bar No. ct11452

## CERTIFICATE OF SERVICE

This to certify that a copy of the foregoing was served via U.S. Mail, postage prepaid, on July 19, 2004 to the following counsel of record:

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06213-1277
Tel.: (860) 548-2600
Fax: (860) 548-2680

/s/ Paul A. Sobel
Paul A. Sobel
Green & Gross, P.C.