# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### (Bridgeport)

| | |
|---|---|
| THE CADLE COMPANY<br>    Plaintiff, | CIVIL ACTION |
| vs. | MASTER DOCKET NO.<br>3:00 CV-00316 (WWE) |
| GRACE JONES | PLEADING APPLICABLE TO:<br>3:00 CV-00316 (WWE) |
|     Defendant. | 3:00 CV-00317 (WWE) |
| THE CADLE COMPANY<br>    Plaintiff, | |
| vs. | |
| DOROTHY MURREN, | |
|     Defendant | AUGUST 26, 2004 |

### MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW (REGARDING THE FOURTH AFFIRMATIVE DEFENSE OF LACHES, WHICH WAS NOT ADDRESSED BY THE COURT, BUT WHICH WAS EFFECTIVELY ABANDONED BY THE DEFENDANTS AND OTHERWISE LACKED EVIDENTIARY SUPPORT)

The Plaintiff, The Cadle Company ("Cadle" or "Plaintiff"), hereby moves the Court, pursuant to Rule 52 (b) of the Federal Rules Civil Procedure, for an amendment by the Court of

372341

the Findings of Fact and Conclusions of Law issued on August 20, 2004. The subject matter of the proposed amendment is the fourth affirmative defense of laches. The Court did not address this affirmative defense in its Findings of Fact and Conclusions of Law, presumably because the defendants did not address this affirmative defense in any of their post-trial briefs, by which omission they effectively abandoned the laches affirmative defense.

In addition to their abandonment of the fourth affirmative defense, for the reasons set forth in Plaintiff's Post-Trial Memorandum at pp. 35-39, there was no basis in law or in fact from which this Court should have found there to have been any laches barring the plaintiff's constructive trust claim (fourth count). Indeed, there was cogent evidence that the judgment debtors engaged in acts of concealment concerning their actions with respect to Murphy & Murphy and the Van Zant Street property. A few months before filing their bankruptcy petitions in July of 2000, the judgment debtors testified to still being the owners of the stock in Murphy & Murphy, that the Van Zant Street property was lost in foreclosure and that the wife of one of them and the daughter of the other had re-purchased the property from the lender post-foreclosure, which were all untrue representations.

This amendment to the Findings of Fact and Conclusions of Law is arguably necessary in order ensure that the same are not rendered defective by reason of the untreated fourth affirmative defense (and thus arguably a basis for a remand by a reviewing court).

Plaintiff has filed a memorandum of law in support of this motion.

WHEREFORE, Plaintiff respectfully moves the Court to amend its Findings of Fact and Conclusions of Law.

PLAINTIFF,<br>
THE CADLE COMPANY<br><br>
By <em>/s/ Paul N. Gilmore/</em><br>
Paul N. Gilmore, Esquire (ct 03347)<br>
UPDIKE, KELLY & SPELLACY, P.C.<br>
P.O. Box 231277<br>
One State Street<br>
Hartford, CT  06123-1277<br>
(860) 548-2600<br>
Its Attorneys

372341

# UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT
### (Bridgeport)

| | | |
|---|---|---|
| THE CADLE COMPANY<br>    Plaintiff, | )<br>)<br>) | CIVIL ACTION |
| vs. | )<br>)<br>) | MASTER DOCKET NO.<br>3:00 CV-00316 (WWE) |
| GRACE JONES | )<br>)<br>) | PLEADING APPLICABLE TO:<br>3:00 CV-00316 (WWE) |
|     Defendant. | )<br>)<br>) | 3:00 CV-00317 (WWE) |
| THE CADLE COMPANY<br>    Plaintiff, | )<br>)<br>)<br>) | |
| vs. | )<br>)<br>) | |
| DOROTHY MURREN, | )<br>)<br>) | |
|     Defendant | )<br>) | AUGUST 26, 2004 |

### CERTIFICATION OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been served,

— 4 —

372341

via first-class, United States mail, postage prepaid, this 26th day of August, 2004 to the following:

> Paul Sobel, Esq.
> Green and Gross, P.C.
> 1087 Broad Street
> Bridgeport, CT 06604-4231

By: /s/ Paul N. Gilmore
PAUL N. GILMORE, ESQ.
Updike, Kelly & Spellacy, P.C.

372341