# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### (Bridgeport)

| | | |
|---|---|---|
| THE CADLE COMPANY | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | MASTER DOCKET NO. |
| vs. | ) | 3:00 CV-00316 (WWE) |
| | ) | |
| GRACE JONES | ) | PLEADING APPLICABLE TO: |
| | ) | 3:00 CV-00316 (WWE) |
| Defendant. | ) | 3:00 CV-00317 (WWE) |
| | ) | |
| | ) | |
| THE CADLE COMPANY | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOROTHY MURREN, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | AUGUST 26, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW
## (REGARDING THE FOURTH AFFIRMATIVE DEFENSE OF LACHES, WHICH WAS
## NOT ADDRESSED BY THE COURT, BUT WHICH WAS EFFECTIVELY
## ABANDONED BY THE DEFENDANTS AND OTHERWISE LACKED EVIDENTIARY
## SUPPORT)

372341

The Plaintiff, The Cadle Company ("Cadle" or "Plaintiff"), hereby submits its memorandum of law in support of its Motion to Amend Findings of Fact and Conclusions of Law, made pursuant to Rule 52 (b) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

On or about December 19, 2002, the plaintiff served its amended complaints in this consolidated action, one against each defendant, adding a fourth claim arising under the common law of constructive trusts (adding such as the fourth count of each complaint). The defendants unsuccessfully moved to dismiss the fourth count, claiming that the same was barred by the statute of limitations or otherwise supplanted by the Connecticut Uniform Fraudulent Transfer Act. The Court denied the motion to dismiss in its entirety.

Thereafter, the defendants filed an amended answer and affirmative defenses, asserting four affirmative defenses to the fourth count (including statute of limitations defenses and the defense that the claim was supplanted by CUFTA, which defenses the court found inapplicable when ruling on the motion to dismiss). The plaintiff moved to strike three of the four affirmative defenses, which motion was granted by the Court, leaving only laches as an affirmative defense to plaintiff's fourth count.

At trial, the defendants sought reconsideration of the motion to strike, which the parties and the Court agreed would be briefed as part of the post-trial briefing. The case was tried before the Court in October of 2003 and subsequently fully briefed by the parties. Plaintiff's

post-trial brief argued why the laches affirmative defense was devoid of merit.  In none of the defendants' post-trial memoranda did they marshal evidence relating to, or otherwise argue or contend for the application of, the fourth affirmative defense of laches as a bar to the fourth count.  Instead, insofar as affirmative defenses are concerned, the defendants relied exclusively on their efforts to resurrect stricken affirmative defenses.  The Court granted the motion for reconsideration but, on reconsideration, adhered to its earlier rulings.

In its Findings of Fact and Conclusions of Law, the Court did not address the fourth affirmative defense of laches, presumably because of the defendants' failure to brief the same (by which the Court, *sub silentio*, presumably treated said affirmative defense as having been abandoned).  In order to ensure that the Findings of Fact and Conclusions of Law are complete in all material respects, so as to avoid the possibility of a remand by a reviewing court, plaintiff moves the court to amend its Findings of Fact and Conclusions of Law to include a determination that the fourth affirmative defense has been abandoned by the defendants' failure to brief the same and, alternatively, to include a determination that said affirmative defense is devoid of merit for the facts and reasons articulated in plaintiff's post-trial memorandum at pp. 35-39.

## RULE 52 OF THE FEDERAL RULES OF CIVIL PROCEDURE PROVIDES FOR THE AMENDMENT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW; FAILURE TO MAKE FINDINGS AND CONCLUSIONS ON ALL ISSUES SUBMITTED FOR ADJUDICATION CAN BE GROUNDS FOR REMAND

Rule 52 (b) of the Federal Rules of Civil Procedure provides as follows:

On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly…. When findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not in the district court the party raising the question objected to the findings, moved to amend them, or moved for partial findings.

Fed.R.Civ.P. 52.

Where there is no finding of fact or conclusion of law bearing on an affirmative defense (unless of course the defense has been abandoned), then there is a risk of remand by a reviewing court for further factual findings. See, e.g., Mobil Shipping and Transportation Co. v. Wonsild Liquid Carriers Ltd., 190 F. 3d 64, 69 (2d Cir. 1999).

[District Court] failure to make factual findings regarding the latent defect defense does not require a remand. Although Federal Rules of Civil Procedure 52(a) obligates a district court to "find the facts specifically and state separately its conclusions of law thereon" following a bench trial, a district court's non-compliance with Rule 52 does not necessarily deprive this Court of the ability to conduct intelligent appellate review. See, e.g., Stetson v. Howard D. Wolf & Assocs., 955 F.2d 847, 850 (2d Cir. 1992). Rather, we may review the district court's decision "if we are able to discern enough solid facts from the record to permit us to render a decision." Because the relevant evidence is documentary and undisputed, we can render a decision on the basis of the present record.

<u>Id.</u>; see also, <u>Zivkovic v. Southern California Edison Co.</u>, 302 F. 3d 1080, 1091 (9th Cir. 2002) ("Because the district court failed to make complete factual findings, we vacate the district court's judgment and remand with the instruction that the district court make clear findings in accordance with Rule 52(a) and specifically determine ..."); cf. <u>Iron Workers' Local No. 25 Pension Fund v. MCS General Contractors, Inc.</u>, 2000 U.S. App. LEXIS 22688 (copy attached) (6th Cir. 2000)(where affirmative defense as to which no findings were made was resolvable as a question of law, remand was unnecessary).

The fourth affirmative defense, being the doctrine of laches, was one that, if it were not abandoned, was committed to the discretion of the district court. See, <u>Burrier v. Burrier</u>, 59 Conn. App. 593, 597 (2000). The Court did not address this affirmative defense in its Findings of Fact and Conclusions of Law (presumably because it too concluded, *sub silentio*, that this affirmative defense was abandoned because it was not briefed by the defendants). However, unless the affirmative defense was abandoned (which the plaintiff contends, for the reasons set forth below, that it was abandoned), then the failure to address the fourth affirmative defense may well be grounds for remand for further findings.

The objective of plaintiff's motion to amend the findings is to present this concern to the Court and to seek to have the Court make an affirmative declaration that the fourth affirmative defense of laches was abandoned for lack of briefing by the defendants (see, <u>Knutson v. AG Processing, Inc.</u> 273 F. Supp. 2d 961, 998 (N. D. Iowa 2003) ("arguments raised but not briefed

are deemed abandoned"), and, alternatively, to have the court make findings and conclusions

with respect to this affirmative defense (as to which defense the defendants utterly failed to meet

their burden of proof that there was an unreasonable and prejudicial delay in bringing the

claims).  See, <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 196-7 (1974) (defendant has

burden of proof on affirmative defense); <u>Burrier v. Burrier</u>, 59 Conn. App. 593, 597 (2000)

("Laches consists of two elements.  First, there must have been a delay that was inexcusable,

and, second, that delay must have prejudiced the defendant.").

### THE DEFENDANTS ABANDONED THE AFFIRMATIVE DEFENSE OF LACHES

Although pleaded as the fourth and final affirmative defense, the defendants never

briefed laches in any of their post-trial memoranda.  They focused solely on the essential

elements of plaintiff's case and on seeking to resurrect other affirmative defenses that the court

had previously stricken but as to which they sought reconsideration at trial (i.e., the statute of

limitations defenses).  The word laches is not even mentioned in any of the defendants' post-trial

memoranda, let alone the essential elements of the defense, what evidence bore on those

elements and what facts should be found from any such evidence.  Nowhere in the defendants'

briefs is any of the foregoing to be found.

It was the defendants' burden to marshal the evidence and argue that there was an

inexcusable delay by the plaintiff in bringing the fourth count and that any such delay prejudiced

the defendants.  See, <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 196-7 (1974) (defendant

has burden of proof on affirmative defense); <u>Burrier v. Burrier</u>, 59 Conn. App. 593, 597 (2000)

("Laches consists of two elements. First, there must have been a delay that was inexcusable,

and, second, that delay must have prejudiced the defendant."). Yet, they did not even attempt to

do so, resting solely on their efforts to seek reconsideration of their stricken defenses and their

efforts to cast doubt on the essential elements of plaintiff's case. By reason of the foregoing, the

fourth affirmative defense of laches was abandoned by the defendants. See, <u>Knutson v. AG

Processing, Inc</u>. 273 F. Supp. 2d 961, 998 (N. D. Iowa 2003) (arguments raised but not briefed

are deemed abandoned); <u>In re: CIS Corp</u>., 214 B.R. 108, 119 (Bankr. S.D.N.Y. 1997)

(affirmative defenses not briefed and argued must be considered to have been abandoned).

## EVEN IF THE AFFIRMATIVE DEFENSE OF LACHES HAD NOT BEEN ABANDONED, IT WAS NONETHELESS WITHOUT MERIT

Even if the affirmative defense had not been abandoned, it still would have been of no

avail to the defendants, for they did not meet their burden of proof on the essential elements of

the defense. See, <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 196-7 (1974) (defendant has

burden of proof on affirmative defense); <u>Burrier v. Burrier</u>, 59 Conn. App. 593, 597 (2000)

("Laches consists of two elements. First, there must have been a delay that was inexcusable,

and, second, that delay must have prejudiced the defendant."). They marshaled no evidence of

delay, let alone inexcusable delay, and no evidence of prejudice arising out of any inexcusable

delay.

For there to be inexcusable and prejudicial delay sufficient for there to be laches, the person seeking equitable relief must have had knowledge of the necessity of taking action to protect his interests, or must be chargeable with negligence in not having such knowledge, and rights must be adversely affected by the delay. <u>Nichols v. Nichols</u>, 79 Conn. 644, 656-57 (1907). Defendants made no attempt to show when the plaintiff knew, or in the exercise of reasonable care, should have known, that it had the claims and causes of action against the defendants that are alleged in the fourth count. Without such a showing when the plaintiff knew or should have known of these claims against the defendants, they cannot show any timeline that would have been a necessary factual predicate to the conclusion that the plaintiff delayed commencing suit or that any delay was inexcusable.

The distribution to the defendants of the proceeds of the Murphy & Murphy transaction with J.M. Layton (a 2001 transaction), occurred less than two years before plaintiff amended its complaints, and the distribution to the defendants of the proceeds of the JoMur Associates, LLC real property sale (an August 2000 transaction), occurred slightly more than two years before the complaints were amended. Insofar as to when plaintiff knew or should have known of those transactions, there was no evidence proffered by the defendants. The stipulated facts, however, show that the judgment debtors testified under oath in 2000 (1) that they still collectively owned all of the stock in Murphy & Murphy and were owner-operators of the business, and (2) that the Van Zant Street Property was acquired by the mortgagee through foreclosure and then sold by it

to JoMur Associates, LLC, all of which were false and misleading statements. There was no delay of any nature concerning the addition of the fourth count of the complaints.

The defendants also proffered no evidence as to when the plaintiff knew, or reasonably should have known, about the bank account machinations of the Joneses and the mortgage payment transactions pertaining to the Joneses' Fairfield residence and the Murrens' Vermont vacation home. Without marshaling evidence as to when plaintiff knew or should have known of those transactions, they cannot establish delay and, *a fortiari*, cannot establish that any delay was inexcusable and prejudicial.

Not only can the defendants not show any delay, inexcusable or not, they most certainly cannot show prejudice even if there had been inexcusable delay (of which there is no evidence). The defendants have not attempted to make any showing that they have been prejudiced by the passage of time. Indeed, the time between the actual occurrence (let alone plaintiff's discovery) of the Murphy & Murphy and JoMur Associates, LLC proceeds distributions was only two years or less, hardly the makings of delay, and certainly nothing of the sort from which prejudice could flow. The defendants' only disadvantage is that they must disgorge ill-gotten gains. Such is not any prejudice under the law. The mortgage payment transactions are to the same effect – the defendants built up equity that rightfully should be available to creditors of their judgment debtor husbands. That they must now relinquish that equity is not prejudicial to them, for they should

not have been permitted to amass such equity to the exclusion of their husbands' creditors in the first place.

For the foregoing reasons, the fourth affirmative defense of laches would have failed on its merits even if it had not been abandoned by the defendants.

## CONCLUSION

For the foregoing reasons, this court should grant the Motion to Amend its Findings of Fact and Conclusions of Law to include a finding and conclusion that the defendants abandoned the affirmative defense of laches and that, even if they had not so abandoned it, for all of the reasons set forth herein, said affirmative defense had no merit and the defendants failed to meet their burden of proof with respect thereto.

PLAINTIFF,
THE CADLE COMPANY,

By

Paul N. Gilmore, Esq. (ct 03347)
UPDIKE, KELLY & SPELLACY, P.C.
P.O. Box 231277
One State Street
Hartford, CT  06123-1277
(860) 548-2600

# UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT
### (Bridgeport)

| | | |
|---|---|---|
| THE CADLE COMPANY<br>        Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | MASTER DOCKET NO. |
| | ) | 3:00 CV-00316 (WWE) |
| | ) | |
| GRACE JONES | ) | PLEADING APPLICABLE TO: |
| | ) | 3:00 CV-00316 (WWE) |
|        Defendant. | ) | 3:00 CV-00317 (WWE) |
| | ) | |
| | ) | |
| THE CADLE COMPANY<br>        Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOROTHY MURREN, | ) | |
| | ) | |
|        Defendant | ) | |
| | ) | AUGUST 26, 2004 |

## <ins>CERTIFICATION OF SERVICE</ins>

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been served,

via first-class, United States mail, postage prepaid, this 26th day of August, 2004 to the

following:

      Paul Sobel, Esq.
      Green and Gross, P.C.
      1087 Broad Street
      Bridgeport, CT 06604-4231

By: _____
     Paul N. Gilmore, Esq.
     Updike, Kelly & Spellacy, P.C.